## In re SUBPŒNAS DUCES TECUM.

(District Court, E. D. Tennessee, S. D. November 3, 1916.)

1. WITNESSES ⊕16—"SUBPŒNAS"—SUBPŒNAS DUCES TECUM.

Rev. St. § 876 (Comp. St. 1916, § 1487), authorizing subpœnas for witnesses in criminal cases to run into other districts, includes subpœnas duces tecum, as well as the ordinary subpœnas ad testificandum.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Subpœna.]

2. WITNESSES ⊕16—SUBPŒNAS—SUBPŒNAS DUCES TECUM.

While, under Rev. St. §§ 868, 869 (Comp. St. 1916, §§ 1479, 1480), a subpœna duces tecum, commanding witness to produce documents before a commissioner authorized to take testimony under a dedimus potestatem, is only issued upon application to a judge and order to the clerk, that requirement is unnecessary in case of a subpœna duces tecum in criminal proceedings, for it is a common-law writ, which may be issued by the clerk, just as an ordinary subpœna, because, no matter whether the witness is called on to testify in open court or before the grand jury, he may in either case refuse to disclose privileged communications, and disclosure will not be directed, save on order of the court.

In the matter of a request by the clerk of the court as to instructions as to the issuance of subpœna duces tecum in criminal proceedings. Clerk directed to issue same.

SANFORD, District Judge. [1] The clerk has requested instructions from me as to whether he is authorized to issue subpœnas duces tecum to run in this or any other district, requiring the witness to bring documents to be used as evidence in a criminal proceeding.

R. S. § 876 (Comp. St. 1916, § 1487), authorizes subpœnas for witnesses in criminal cases to run into any other district. This includes, in my opinion, subpœnas duces tecum as well as the ordinary subpœnas ad testificandum.

[2] I perceive no reason why the clerk may not issue, as of course, upon proper application, subpœnas duces tecum for witnesses in criminal proceedings to appear and bring documents either before the grand jury or the court, just as he issues, as of course, ordinary witness subpœnas in such causes. The subpœna duces tecum is a recognized common-law writ. In 22 Enc. Plead. & Pract. 1330, it is said:

"Unless the statutes so provide there is generally no necessity for obtaining leave of court to issue a subpœna duces tecum, but in some jurisdictions and under special circumstances it is provided that a subpœna duces tecum can be issued only by the court, after application to it founded on affidavit setting forth the necessity for the production of the documents and after due notice to the adverse party."

Under R. S. §§ 868 and 869 (Comp. St. 1916, §§ 1479, 1480), a subpœna duces tecum, commanding a witness to produce documents before a commissioner authorized to take testimony under a dedimus potestatem, is only issued upon application to a judge and order to the clerk. And this requirement as to a preliminary order of the court seems to have been frequently followed in equity practice in the Federal courts, where the document is to be produced before an exami-

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ner or other officer taking a deposition de bene esse under R. S. § 863 (Comp. St. 1916, § 1472), or under the equity rules. Simk. Fed. Eq. Suit (2d Ed.) 552, 553, and cases cited. This rule, in so far as not dependent upon statute, is apparently based upon the practical inconvenience, if not impossibility, of otherwise adequately protecting a witness appearing before such officer from producing and making public privileged matters. Obviously, however, it has no application where the witness is merely required to produce the document before the grand jury or the court itself, since in either case he may claim his privilege when called upon to produce the document before the grand jury or the court, and upon application to the court will be protected in any privilege he may have before being required to make the disclosure sought.

Direct authority is furthermore found, by necessary implication, in Wilson v. United States, 221 U. S. 361, 370, 376, 31 Sup. Ct. 538, 540, 542 (55 L. Ed. 771, Ann. Cas. 1912D, 558). In this case a subpœna duces tecum had been issued, apparently as of course, requiring a corporation to produce certain documents before the grand jury. The president of the company having appeared with the documents, declined to permit them to be inspected by the grand jury, and upon application to the court was committed for contempt. Among other objections relied on by him to the sufficiency of the subpœna, as stated in the opinion, was the fact that the subpœna duces tecum "was not issued pursuant to an order of court." The court, after reviewing the several other objections thus interposed, but without referring again to this specific objection, said that "no ground appears upon which the corporation could have resisted the writ"; and again, that it concluded "that the subpœna was valid and that its service imposed upon the corporation the duty of obedience." It must hence be taken as conclusively determined that no preliminary order of the court is essential to the validity of a subpœna duces tecum for a witness required to appear before a grand jury in a criminal proceeding; but that the same may be issued by the clerk, as of course, upon due application. And a fortiori, this is true as to a subpœna duces tecum requiring a witness to produce documents before the court itself.

The clerk is accordingly instructed that he is authorized, on proper application, to issue, as of course, in criminal proceedings subpœnas duces tecum, to run in this or any other district, requiring witnesses to produce documents before the grand jury or the court.