### DECAUVILLE AUTOMOBILE CO. v. METROPOLITAN BANK.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

1. DEPOSITIONS—PLACE OF TAKING—ESTOPPEL.

A commission was issued to take the depositions of certain persons in Paris, France, and it appeared that each party was represented by counsel before the commissioner, and that the testimony of the witnesses was taken at a suburb of Paris, pursuant to an arrangement made between the commissioner and counsel, on account of the inability of the witnesses to come to the city. *Held*, that plaintiff was estopped from claiming that the depositions could only have been taken in Paris.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, § 337.]

2. SAME—SUPPRESSION.

Defendant had a commission issued to take depositions in France. The depositions were taken, and were signed by the witnesses, who refused to deliver them to the commissioner unless the parties would stipulate that certain evidence given therein on cross-examination, which was improper and irrelevant, should not be used against the witnesses' employers. Defendant consented, but plaintiff refused, to so stipulate, and an unsigned duplicate of the depositions signed by the witnesses was returned by the commissioner with the commission. Plaintiff received a duplicate of such testimony from their local counsel in Paris, but the correctness of the duplicate returned by the commissioner was undisputed. The depositions taken were material, as shown by the duplicate. *Held,* that it was error to suppress the depositions on plaintiff's motion. .

3. SAME—REFUSAL TO SUPPRESS—PROCEEDINGS FOLLOWING.

Under the circumstances the court should have denied the motion to suppress, and should have directed that a commission issue to take the testimony of the witnesses on interrogatories, or that letters rogatory issue if it appeared on settlement of the interrogatories that a commission would have been unavailing; but, if it had appeared that defendant had exhausted his rights to obtain the testimony of the witnesses, the court should have allowed the depositions to stand, and left it for the trial court to rule as to whether plaintiff was estopped from objecting to the reading of certified copies under the circumstances, or as to whether defendant was not entitled thereto, on the ground that they constituted the best evidence obtainable, and enable defendant to obtain the benefit of a ruling on those questions and thereby secure the right of review on appeal; but the admissibility of the depositions cannot be determined on an appeal from an order suppressing them.

4. SAME—ISSUANCE OF LETTERS ROGATORY—GROUNDS—STATUTORY PROVISIONS.

Where it appears by affidavits that the courts of a foreign country are without authority to compel witnesses to testify under a commission, our courts have inherent power to issue letters rogatory, and such authority is given by express provisions of Code Civ. Proc. § 913.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, § 36.]

5. COURTS — APPELLATE JURISDICTION — APPELLATE DIVISION OF SUPREME COURT—AUTHORITY ON APPEAL FROM SPECIAL TERM.

The Appellate Division of the Supreme Court may do on appeal what the court at Special Term should have done.

6. ACTIONS—PROSECUTION—STAY.

Ordinarily a stay should not be granted for a longer period than it has been applied for; and, where no formal motion for a stay was made at the time a party moved to suppress depositions, failure of the Special Term to grant a stay was not error; but, where the conduct of a party indicates that a judgment might be taken by default before the opposing party has an opportunity to prepare motion papers and obtain a stay after a decision on appeal from an order suppressing the depositions, the Appellate Division will extend a stay granted pending the appeal, with leave to move to vacate it for failure to proceed with due diligence.

Appeal from Special Term.

Action by the Decauville Automobile Company against the Metropolitan Bank. From an order suppressing depositions, defendant appeals. Reversed, motion denied, and order for commission, etc., and stay of trial, granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

E. C. Crowley, for appellant.
Frederick S. Randall, for respondent.

LAUGHLIN, J.   On a former appeal herein this court affirmed an order, granted on the application of the defendant, for a commission to examine certain designated witnesses and others not designated on oral questions in the city of Paris, France (decided December 27, 1907, 108 N. Y. Supp. 1129).   The plaintiff is a domestic business corporation, and the defendant is a domestic banking corporation and the successor to the National Shoe & Leather Bank.   It appears by the complaint in the record on the former appeal that the plaintiff seeks to recover, on two counts, the amount of two items of money delivered to the defendant's predecessor to transmit the equivalent thereof in francs to the plaintiff's agent in Paris, together with interest thereon.   One item is for $2,912.14, alleged to have been delivered on the 24th day of February, 1906, and the other item is $1,554.89, alleged to have been delivered on the 26th day of the same month.   The plaintiff alleges that the money was not transmitted and delivered to its agent.   The defendant admitted the receipt of the money for transmission, as alleged; but for separate defenses alleged, in substance, that the equivalent in francs of the money so delivered to it by the plaintiff was transmitted to Paris and delivered to the Establishment Decauville "as the authorized representative and for the account of the plaintiff; that plaintiff, with full knowledge of the facts and circumstances, ratified and confirmed said delivery and accepted the same as performed by the defendant, and received and retained the credit therefor"; that plaintiff failed to give the defendant proper instructions to enable it to identify the agent and representative of the plaintiff in Paris to whom it was desired that the money should be delivered; and that, in the exercise of due diligence, defendant delivered it to said Establishment Decauville, and that the plaintiff accepted the delivery.   On the affirmance by this court of the order for the commission, it was duly issued to one Frederic Allain to examine four designated officers or employés of the Société Nouvelle des Establissements Decauville Aine of Paris, France, or any of them, and such other persons as were then or formerly officers or employés of said Société as might be produced before him by either party as witnesses herein.   The motion for the suppression of the depositions of the two witnesses was made upon the grounds, first, that their testimony was not taken in the city of Paris; and, secondly, that they had not signed the depositions.

It appears by the record that each party was represented by counsel before the commissioner, and that the testimony of these witnesses was taken at Petit-Bourg, a suburb of Paris, within an hour's ride by train, where the plant of said Société was located, and pursuant to an arrangement made between the commissioner and counsel, on account of the inability of the witnesses to come to the city.   The plaintiff, having participated in the examination without the limits of the city of Paris, and having through its counsel assented thereto, should now be estopped from claiming that the depositions could only have been taken in Paris.

The second ground of objection is technical in the extreme, in the sense that on the facts presented by the record it has no merits in justice or fairness, for it clearly appears that the plaintiff has not been and cannot be prejudiced in the least by the fact that the depositions returned do not bear the signatures of the witnesses, and manifestly the ob-

jection has been interposed with a view to obtaining an undue advantage over the defendant, and yet presents a serious question as to whether the depositions may be received in evidence upon the trial. The commission was issued pursuant to the provisions of the Code of Civil Procedure, and the right of the defendant to use the depositions as evidence probably depends upon whether there has been a substantial compliance with the regulations prescribed by the Legislature for the execution of such a commission. It is provided in section 901, subd. 2, Code Civ. Proc., that the commissioner must reduce the examination of each witness to writing, or cause it to be reduced to writing, by a disinterested person, and that, after it has been carefully read to or by the witness, it must be subscribed by the witness. It appears that these witnesses were duly sworn and examined by the commissioner and by counsel for each party, and that their examination was duly reduced to writing in accordance with the requirements of this provision, and was subscribed by the witnesses after they had read it, but that the witnesses declined to deliver the depositions which they had thus subscribed to the commissioner on account of evidence contained therein with respect to certain magnetos," given in answer to questions propounded by counsel for the plaintiff on cross-examination, unless the parties stipulated that such evidence should not be used against their employer, the said Société, "should there ever be an action brought subsequently in the French courts against that company." It appears that the commissioner thereupon held the matter open until the counsel for the respective parties could communicate with the attorneys of record to ascertain whether they might make the stipulation requested by the witnesses. The attorneys of record were cabled accordingly, and the attorneys for the defendant authorized their local counsel in Paris to give the stipulation; but the attorneys for the plaintiff declined. The witnesses persisted in their refusal to deliver the signed depositions without the stipulation, and the commissioner thereupon returned the commission with a duplicate of the testimony given by each witness, duly certified by him to be a duplicate. It further appears that the attorneys for the plaintiff received from their local counsel in Paris, who attended and conducted the examination of the witnesses, a duplicate of the testimony given by these witnesses; and it stands undisputed on the record that the testimony thus returned by the commissioner is a transcript of the testimony given by the witnesses and a correct copy of the depositions subscribed by them. It further appears that the testimony of these witnesses is necessary and material to the defense, and that with the testimony of other witnesses, whose depositions were duly signed and returned, it tends to show that the equivalent of the money to recover which this action was brought was duly transmitted and delivered to said Société, to which the plaintiff was at that time indebted for nearly that amount; that said Société gave the plaintiff credit for the entire amount thus transmitted, and issued and delivered to the plaintiff's agent and representative in Paris a statement of the account in detail on the 3d day of March, 1906, expressly giving the plaintiff credit thereon for the amounts thus transmitted, and showing a balance of account in favor of the plaintiff of 471.15 francs, which the statement showed was held subject to the disposal of the plaintiff; that

this statement, presumably through the plaintiff's agent, reached the plaintiff; and that by a letter under date of the 18th day of April, 1906, written by the plaintiff to said Société, the plaintiff accepted the statement of account, and requested a remittance for said balance of 471.15 francs. The depositions returned to which objection is not made are insufficient without the depositions which have been suppressed. It further expressly appeared by this statement of account of March 3, 1906, that said Société in a previous statement of account under date of February 20, 1906, showing a balance owing by the plaintiff to it of 20,715.75 francs, had charged the plaintiff 10,962 francs as security for 21 magnetos which were held by the plaintiff for the account of said Société, and that this balance of account containing that charge was incorporated in the account of March 3, 1906, and said Société promised in its statement of March 3, 1906, that, upon the return of said magnetos to it, the said sum of 10,962 francs would be placed at the disposal of plaintiff.

The evidence on account of which the witnesses declined to deliver the signed depositions related to transactions between the plaintiff and said Société with respect to said magnetos. It was not proper cross-examination. The plaintiff did not ask to make the witnesses his own, and apparently only insisted upon the evidence as cross-examination. Moreover, this evidence was apparently and presumptively irrelevant to the issues, for if, as the evidence tends to show, the plaintiff ratified the payment to said Société, thereby accepting the credit from said Société for the moneys transmitted, it could not recall such ratification; and whatever rights it may have as against said Société with respect to the correctness of the account in other particulars, or concerning the performance of the conditions thereof, are matters between the plaintiff and said Société which would not affect the defense of ratification interposed by the defendant. Furthermore, it would seem that in all fairness the plaintiff should have given the stipulation requested by the witnesses; for, even though it may be that under the law of France the testimony of an employé in one action could be used against his employer in another—which, of course, would not be the case in our courts—the plaintiff had no right to seek or obtain in this action evidence to be used in another, especially when it became apparent that insistence upon that course would jeopardize the right of the defendant to the benefit of the commission. Its purpose in insisting upon that right apparently was, as shown by subsequent proceedings, to deprive the defendant of the evidence tending to show that plaintiff has ratified the payment to its foreign debtor, and not only to obtain the benefit of the credit of this money with its debtor, but to force the trial of the issues herein before defendant is able to obtain evidence of the facts in such form that it may be used on the trial, and thus obtain judgment virtually by default, compelling the defendant to repay the money to it.

Doubtless the learned court, in suppressing the depositions, assumed that, in view of the attitude of the witnesses, it would be futile to return the commission; and that presumptively appears. It does not follow, however, that the depositions should have been

suppressed. The defendant was not at fault, and there was no irregularity in the execution of the commission. The commissioner attempted to conform to the requirements of our procedure, but for reasons beyond his control or the control of the defendant, and within the control of the plaintiff, who persisted improperly in taking advantage thereof, was unable to do so. If the right of the defendant to obtain the testimony of these witnesses had been exhausted, the court should have allowed the depositions to stand, and left it for the trial court to rule as to whether, in the circumstances, the plaintiff should be estopped from objecting to the reading of the certified copies of the depositions, or as to whether defendant was not entitled thereto on the ground that they constituted the best evidence obtainable, and to enable the defendant to obtain the benefit of a ruling upon those questions at the trial upon such proof as it might be able to make, and thereby to secure the right to review the same upon appeal. Hewlett v. Wood, 67 N. Y. 397; Lincoln v. Battelle, 6 Wend. 476; Kelley v. Weber, 9 Abb. N. C. 62; Palmer v. Gt. West. Ins. Co., 47 N. Y. Super. Ct. 455; Kimball & Rowe v. Davis & Brown, 19 Wend. 437.

It is not for us to decide upon this appeal whether, in the event that the defendant shall be unable to obtain the testimony of these witnesses in any other form, their depositions as returned by the commissioner may or may not be read in evidence. That question should be decided upon the trial. It is, however, sufficiently doubtful to make it the duty of the court to grant the defendant in advance of the trial every other opportunity available to obtain the testimony of the witnesses in such form that will insure its rights to use the evidence upon the trial; and the right to use these certified copies of the depositions may depend upon the exhaustion of all remedies to obtain better evidence. If the plaintiff persists in its determination to oppose the use of the certified copies of the depositions of these witnesses upon the trial, two other remedies still remain open to the defendant. Now that the defendant knows the names of the witnesses and the facts to which they will testify, it may have a commission on interrogatories; and on the settlement of the interrogatories the court may be able so to confine and limit the evidence that it will seem probable that the witnesses will not object to testifying and subscribing their depositions; and, if it shall appear to the court on the settlement of the interrogatories that plaintiff should be permitted by cross-interrogatories to question the witnesses concerning the magnetos, then the court on settling the interrogatories may direct that letters rogatory issue, instead of a commission, under which the court in France would doubtless, through comity and by the law of nations, compel the witnesses to testify in a manner that would enable the defendant to use their testimony. Code Civ. Proc. § 913; Nichols, N. Y. Procedure, § 1332; 6 Enc. Pl. & Pr. 497, 498; 13 Cyc. 892; 1 Greenl. on Ev. (14th Ed.) § 320.

It would seem from the decision in Frounde v. Frounde, 3 Thomp. & C. 79, that the rule was formerly that the courts of France will

not enforce the execution of commissions to take the depositions of witnesses in that country, but that they probably do act under letters rogatory; and it appears by affidavit, and is not controverted, that the courts of France are still without authority to compel witnesses to testify under a commission issued from a foreign jurisdiction. In such cases courts have inherent power to issue letters rogatory—we now have express statutory authority under section 913 of the Code of Civil Procedure—and thus obtain the testimony of witnesses where their testimony cannot be obtained by commission; but, owing to the fact that the law of the foreign jurisdiction then governs with respect to the taking of the testimony, the remedy is only resorted to in cases of necessity. Union Square Bank v. Reichmann, 9 App. Div. 596, 41 N. Y. Supp. 602; Enc. Pl. & Pr.; Cyc., supra.

If the plaintiff be so anxious for a trial on the merits, as it appears to be, with this evidence excluded, it may obtain the same at once by stipulating to give the defendant the benefit of this testimony; but, if its desire for a speedy trial is founded upon or stimulated by the hope thereby to obtain an undue advantage over the defendant by preventing it from proving the facts upon which its defense is based, and of which, whatever they be, the plaintiff must have full knowledge, it is the duty of the court, in the interests of justice, to stay the trial until the evidence may be obtained in such form that it may be read upon the trial as matter of right.

On both parties being before the court on the motion to suppress the depositions, and on the facts appearing, we are of opinion that the court should have denied the motion, and should have directed that a commission issue to take the testimony of these witnesses on interrogatories, or that letters rogatory issue, as may be determined by the court on settlement of the interrogatories. What the court at Special Term should have done this court may now do. Ordinarily a stay should not be granted for a longer period than it has been applied for; and, no formal motion having been made by defendant for a stay at the time plaintiff moved to suppress the depositions, the Special Term cannot be said to have erred in not granting a stay; but in this case the efforts of the plaintiff to obtain an opportunity to move this case for trial before the defendant is able to obtain the evidence of the transactions between the plaintiff and its foreign debtor to whom the money was paid, which rendered it necessary for this court to grant a stay pending the appeal, seem quite unusual and extraordinary, and indicate that a judgment might be taken by default against the defendant before it would be able to prepare motion papers and obtain a stay after the decision of this appeal; and, to obviate further unnecessary expenses and appeals, we deem it proper to extend the stay granted by the court pending the appeal.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, the motion denied, with $10 costs, and that an order in favor of the defendant for a commission to take the testimony of these witnesses be granted, on interrogatories to be

annexed thereto, in case it shall be decided on the settlement of the interrogatories to exclude questions with respect to the magnetos, but, if such questions be allowed to stand, that then letters rogatory issue as prescribed by section 913 of the Code of Civil Procedure, without costs, and staying the trial of the issues until the defendant shall be able to obtain the testimony of the witnesses in due form for use upon the trial, unless plaintiff shall file within five days a stipulation that the certified copies of the depositions returned by the commissioner may be read in evidence upon the trial as if they had been duly subscribed by the witnesses, with leave to the plaintiff to move to vacate the stay for failure of the defendant to proceed with due diligence. All concur.

CAREY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

1. DAMAGES—PERMANENCY—SUFFICIENCY OF EVIDENCE.
Evidence in an action against a carrier by a passenger for personal injuries considered, and *held* sufficient to show that the injuries were permanent.

2. SAME—EXCESSIVE DAMAGES.
A verdict of $2,500 for permanent injury to plaintiff's knee is not excessive.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 372–396.]

3. WITNESSES — IMPEACHMENT — CROSS-EXAMINATION — QUESTIONS — SHOWING HOSTILITY OF WITNESS.
In an action against a carrier for personal injuries, a witness for plaintiff testified on cross-examination that she had met with an accident; but an objection was sustained to the question, "Did you bring suit against the railroad company?" *Held* that, while it was proper to show hostility of the witness to defendant, the question was objectionable as not being limited to suits against defendant.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 1192–1199.]

4. SAME—EVIDENCE TO SHOW HOSTILITY.
Evidence showing hostility of a witness should be direct and positive.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 1192–1201.]

5. SAME—EXAMINATION—DISCRETION OF COURT—COLLATERAL MATTERS.
The extent of the examination of a witness as to collateral matters is within the discretion of the court.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 792–797.]

Appeal from Trial Term, Kings County.