# Whitman v. Kentucky Central Life & Accident Insurance Company.

(Decided December 17, 1929.)

ROSE & HOLLIDAY for appellant.

PETER, LEE, TABB, KREIGER & HEYBURN for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

The appellee, Kentucky Central Life and Accident Insurance Company, had issued a policy on the life of Roy Whitman providing for the payment of $100 in the event of death through natural causes and $1,000 if by accident. Whitman died on April 13, 1929, within one year from the date of the policy.

According to the insurance company, the next afternoon (which was Sunday) the soliciting agent learned of Whitman's death and that his family had left Louisville with the body about 9 o'clock that morning for its burial in Hart county. That afternoon one of the managers of the Louisville agency of the company called on the phone the attending physician and was informed by him that

Whitman's death was caused by acute dilatation of the heart with goiter as a contributing cause. According to the appellant, the agent of the company was informed about 10 o'clock Sunday morning that it was believed that Whitman had died as the result of an accident. This he denies.

On April 18th, the beneficiary named in the policy (who is the appellant) presented to one of the officers of the company the death certificate signed by the attending physician and showing that the cause of Whitman's death was as above stated. At that time she requested an additional blank death certificate for the use of another physician who she stated was of the opinion that Whitman had died as the result of an accident. The company's agent explained to her that, if he had died as the result of an accident, under the terms of the policy the insurance company was entitled to have an autopsy held. Mrs. Whitman stated that she would not permit that. It was also explained to her that, if her husband had died of heart disease, she was entitled to receive only a return of the premiums paid, but that, in view of her claim under the accident provision of the policy, in order to settle the controversy, he would pay her $100, the amount stipulated for death as the result of disease other than those excluded by the terms of the policy. She agreed to this and accepted the $100.

On April 22d the company received a letter from attorneys representing the beneficiary, stating that they had been employed to recover $900 additional under the policy and would file suit to have the settlement set aside, and for the full amount of the policy unless payment was made. The response of the company, through its counsel, was to call attention to the provision of the policy respecting the right to have the body of the deceased examined, and requested such an opportunity. It was denied.

Suit was filed and summons served on the company on March 22d, in which it was alleged that the insured had died from injuries sustained when "he accidentally struck his hand against a truck load of bats (he being employed in a bat factory) on April 6, 1929, and also injured the same hand in the same way on April 9, 1929." On June 3d the defendant moved the court to enter an order allowing the defendant to have the body of the insured disinterred and examined in order to determine the cause

of his death and its liability under the policy. In support of this motion it filed affidavits showing the above communications and acts, and also affidavits of the attending physician and several other doctors to the effect that in their opinion an examination of Whitman's body would disclose conditions from which it could positively be determined that the insured died of diseases and not as the result of an accident. The plaintiff filed affidavits of several doctors who stated that in their opinion it was very doubtful whether under the circumstances an autopsy would reveal the manner of Whitman's death. The undertaker stated that in embalming the body of the insured his heart had been punctured with a trocar, and a supplemental affidavit of a doctor who stated that in that condition the chances would be greatly lessened for revealing the cause of the death. Counter affidavits were filed by the company.

The trial court held the defendant was entitled to examine the body of the deceased and entered an order accordingly. The plaintiff filed a statement, respectful in its form, refusing to allow an exhumation of the body for the purpose of holding the autopsy. On motion of the defendant the court thereupon dismissed the petition, from which order the appeal is prosecuted.

The policy contains this provision:

"The company shall have the right and opportunity to examine the person of the insured when and so often as it may reasonably require during the pendency of any claim, and also the right and opportunity to make an autopsy in case of death where it is not forbidden by law, in order to determine its liability hereunder."

This provision is considered by the courts a reasonable requirement under a reasonable interpretation. Bacon on Life and Accident Insurance, sec. 549. The bodies of our loved ones being regarded with great tenderness and jealous care, the violation of the dead and the desecration of the grave ought to be and are prohibited, except where it is reasonably certain that an examination may reveal something that will show fraud or mistake, and unless it clearly appears necessary to accomplish the ends of justice. This court considered the effect and proper interpretation of a similar policy provision in Massachusetts Bonding & Insurance Company v. Duncan, 166 Ky. 515, 179 S. W. 472. We there held

that a motion similar to that made in this case was addressed to the sound discretion of the court. Because the endeavor to have an autopsy performed was not seasonably made, and it was not shown that such an examination of the body would probably disclose whether the assured died from accidental causes or disease, it was held in that case not to be error to overrule the insurance company's motion for an exhumation and autopsy. In this case, at the time appellee's agent first heard that the deceased had possibly died from an accidental cause, even according to the evidence of the plaintiff, the body was then well on the way to burial in a distant place. It is not denied that, when it was first really claimed that he had not met death as the result of a disease, five days thereafter, the company requested permission of the beneficiary, who was the wife of the deceased, to make the examination. It can hardly be said that the company was not diligent in its efforts. The proof tended to show strongly that the examination would definitely determine the issue. Under the facts as thus disclosed, we are of the opinion that the court did not abuse its discretion in sustaining the motion of the defendant company.

Disobedience of a valid order of the court is deemed such an interference with the due administration of justice as to constitute contempt. 13 C. J. 9; 6 R. C. L., 502. Where a party declines to conform to such a valid order, the trial court has the right and power to dismiss his cause for such contumacy. Rehkamp v. Martin, 198 Ky. 34, 247 S. W. 1115. A plaintiff in contempt is not entitled as a matter of right to proceed with the trial of his case. 6 R. C. L. 526. Hence, the court properly dismissed the petition.

The judgment is affirmed.