THE STATE OF FLORIDA, ex rel. THE EVERGLADES CYPRESS COMPANY, a Delaware Corporation, *Petitioner*, v. FRANK A. SMITH, as Judge of the Seventeenth Judicial Circuit of the State of Florida, in and for Orange County, *Defendant*.

139 So. 794.

Division B.

Opinion filed January 25, 1932.

*G. P. Garrett*, of Orlando, for Petitioner;

*Maguire & Voorhis*, of Orlando, for Defendant.

Per Curiam.—This is a proceeding in mandamus. The object of the writ is to require the Circuit Judge of the Seventeenth Judicial Circuit to issue a subpoena *duces tecum* directed to one W. H. Tunnicliffe, as Liquidator of the State Bank of Orlando & Trust Company, requiring him to bring with him and produce the books, records, files and documents in his hands, as Liquidator, to show certain facts material to relator to establish a claim sued on in the Chancery Court, in a suit wherein The Everglade Cypress Company is complainant and said Tunnicliffe, as Liquidator of the State Bank of Orlando & Trust Company, is defendant.

A subpoena *duces tecum* is a process by which the court, at the instance of a suitor, commands a witness who has in his possession or control some document or paper that is pertinent to the issues of a pending controversy to produce it at the trial.

The writ is to compel the production of books and papers, the existence and character of which is already known to the party seeking the evidence, and such books and papers should be described with reasonable certainty in the application for the process. See: In re Subpoena Duces Tecum, 248 Fed. 137; 4 Wigmore on Evidence, (2nd Ed.) Sec. 2199, pages 663-665; Thompson on Trials, Vol. 1, page 589; Hoppe v. Ostrander, 183 Fed. 786; American Car & Foundry Co. v. Alexandria Water Co., 221 Pa. 529; 70 Atl. 867; 28 Am. St. Rep. 749; 15 Am. & Eng. Ann. Cas. Ex parte R. D. Gould, 60 Tex. Crim. Rep. 442; 132 S. W. 364, 31 L. R. A. (N. S.) 835, and note.

The peremptory writ of mandamus applied for in this case should be denied on the authority of Earle v. Detroit Security & Trust Company, decided at the present term, wherein it was pointed out that the subject of discovery, interrogatories, inspection and production of documents, etc., as applied to the *parties* themselves, in chancery causes is now controlled by Sections 48 and 49, Chapter

14658, Acts of 1931. Under our existing Chancery Practice the process of subpoena *duces tecum* is applicable to witnesses other than the adverse party to the case.

Errors committed by the court in granting or denying a party discovery or inspection and production of documents, in the hands of the adverse party himself, are redressible by appeal and not by mandamus.

Peremptory writ of mandamus denied and proceeding dismissed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.