Ex Parte T. H. Westbrook.

No. 6403.   Decided July 17, 1935.
(84 S. W., 2d Series, 700.)

The opinion states the case.

The application was referred to the Commission of Appeals, Section A, for their opinion thereon and the Supreme Court adopted same and ordered relator remanded to the custody of the sheriff, to await further orders of the County Court of Hamilton County.

*Arthur E. Edison,* of Hamilton, and *Lovett & Lovett,* of Corsicana, for relator.

*H. L. Taylor* and *J. W. Spivey,* of Waco, for respondent, O. C. Walker.

*Mack Morgan,* Sheriff of Hamilton County, in pro per.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This is an habeas corpus proceeding brought by T. H. Westbrook, who was on December 31, 1932, declared to be in contempt of court by the Honorable P. M. Rice, Judge of the County Court of Hamilton County, Texas. Temporary writ was issued by Associate Justice Greenwood on January 24, 1933, since which time relator has been released from custody of the sheriff on bond. Relator was adjudged to be in con-

tempt of court because of willful disobedience of a writ of injunction issued out of the County Court of Hamilton County on September 17, 1932, and subsequent orders of that court. A concise statement of the material facts as reflected by various orders of the court, supplemented by findings of fact incorporated in the judgment, will indicate a proper order to be entered by this court.

The relator was, prior to September 17, 1932, the secretary of the Bankers Life & Accident Association of the Citizens Mutual Life & Accident Association of Texas, a corporation, and as such secretary was, according to his own admission, "in active charge of the operation of said Insurance Association." Said corporation issued policies of insurance payable on the assessment plan. It will be called the association.

It is undisputed that prior to June 21, 1932, this association had issued to John Franklin Walker a certificate of insurance payable by assessments upon the members of the association belonging to the group of which Walker was a member, said policy being payable to O. C. Walker. John Franklin Walker died June 21, 1932, and due proof of his death was promptly made. The claim of O. C. Walker, beneficiary under the policy, was duly approved. Assessments upon members of the association belonging to the group of which John Franklin Walker was a member were duly made by the relator as secretary of the association. By virtue of said assessments the sum of $400.00 was paid to relator as secretary, said assessments being paid early in the month of September, 1932, and prior to September 17, 1932. For some reason, not clearly disclosed by the record, the said sum of $400.00 was not paid to O. C. Walker, and on September 17, 1932, O. C. Walker filed suit in the County Court of Hamilton County against the association, alleging that relator was its secretary, and alleging facts showing the collection of the sum of four or five hundred dollars for the benefit of the plaintiff. He further alleged that said sum of money "constitutes and is a trust fund in the hands of defendant for the benefit of plaintiff, and cannot and should not be used for any other purpose, but should be turned over to plaintiff." Plaintiff further alleged that the association was in a precarious financial condition, and asked for an injunction to prevent it from making any disposition of the funds collected by it for plaintiff's benefit and held by it in trust, other than to pay the same into the registry of the court for the benefit of plaintiff. Upon proper affidavit and bond, a writ

of injunction was issued on September 17, 1932, by the County Court of Hamilton County directed to the defendant, Bankers Life & Accident Association of the Citizens Mutual Life & Accident Association of Texas; the mandatory provisions of said writ being as follows:

"Therefore, you and your officers and agents are hereby directed and enjoined to refrain from doing any of the acts forbidden of by you by the above order, and are commanded and required to keep intact the said fund referred to in said order until otherwise directed by the order of this court or the judge thereof."

This injunction was served upon relator as secretary of the association on September 17, 1932. On October 18, 1932, the cause of O. C. Walker against the association was regularly tried in the County Court of Hamilton County and judgment was rendered in favor of the plaintiff for $400.00. The court made the following finding in the judgment:

"* * * Which amount, it is found by the court has been collected by the defendant and its secretary prior to Sept. 17, 1932, and was collected by the said defendant and its said secretary from the other members of said association for the use and benefit of plaintiff and as a trust fund belonging to plaintiff, and to be paid to the same; having been assessed by the defendant and its offcers on the different members of the association for the use and benefit of plaintiff and to pay his said claim, and to be turned over and delivered to plaintiff as his money and in satisfaction of his claim."

There was a further finding to the effect "that the defendant and the said secretary had and held said amount at the time the injunction hereinafter mentioned was served upon the defendant by and through its said secretary as a trust fund belonging to plaintiff, and that same is still such trust fund belonging to plaintiff."

The judgment further provided:

"* * * And the court being of opinion and so adjudging that the said fund of $400.00 is or should be in the hands of the said defendant and its said secretary who collected same, under and by virtue of the facts herein recited and under and by virtue of the said injunction and its service, and that same belongs to the plaintiff, it is accordingly ordered and adjudged that the defendant and its said secretary be and they are hereby ordered to pay into the registry of this court on or before ten days from this date the said sum of $400.00, and

that plaintiff do have and recover said sum of and from the said defendant in full of his said claim, and that thereupon said claim be fully discharged and cancelled."

The association and relator having wholly failed to comply with said order, after being served with same, the court on December 3, 1932, ordered relator to appear and show cause why he had not brought said sum of money into court, and why he should not be held in contempt of court for failure to comply with the judgment and order of October 18, 1932. On December 15, 1932, relator appeared in court, and after a hearing was adjudged to be in contempt of court because of wilful disobedience to and in defiance of the writ of injunction and the prior orders and judgment of the court. He was fined the sum of $100.00 and was further ordered to pay into the registry of the court the said sum of $400.00; and in event of default was committed to the custody of the sheriff of Hamilton County.

In his answer relator admitted having collected said sum of $400.00 in the early part of September, 1932. He sought to excuse his disobedience of the writ of injunction and his failure to comply with the order and judgment of the court of October 18, 1932, by a plea that prior to October 18, 1932, the District Court of Travis County, Texas, had appointed James R. Boyd receiver of the Bankers Life & Accident Association, and that he had in due time turned over to said receiver said sum of money. Judging from the elaborate findings of fact, the trial court went into an exhaustive investigation of the facts with reference to said plea, and found the facts against relator's claim. Briefly we may say that the court held relator inexcusable for disobeying the injunction and in failing to respond to the order of the court for two reasons:

1. Because, as expressly found by the court, the $400.00 which had been collected by relator prior to the service of the writ of injunction was the money of O. C. Walker, and not the money of the association, and was held in trust by relator for payment to Walker under the terms and provisions of the insurance policy.

2. Because neither relator nor Bankers Life & Accident Association of the Citizens Mutual Life & Accident Association of Texas was a party to the suit in Travis County, in which Boyd was appointed receiver, and even if the fund in question had not been the property of Walker, relator was not authorized to pay it over to Boyd as receiver.

Without discussing the facts we may say that apparently

the trial court was fully justified in these findings. Attached to relator's petition is a copy of a petition filed in the District Court of Travis County by the Attorney General against Mutual Benefit Association of Louisiana, a corporation, and against P. K. Sheets as secretary of said association. There is nothing to show the connection between that company and the association against which Walker had brought suit. There are copies of orders showing that relator with others was adjudged by the District Court of Travis County to be in contempt of that court because of their actions in attempting by various and divers methods to place the assets of certain corporations, including the Bankers Life & Accident Association of the Citizens Mutual Life & Accident Association of Texas, beyond the reach of the orders of that court. There is nothing, however, to show that Boyd was ever appointed receiver of the Bankers Life & Accident Association of the Citizens Mutual Life & Accident Association of Texas, or that relator was justified in paying over to said receiver the $400.00 in question. On the contrary, the trial court found that at no time did relator ever inform or advise the receiver or the District Court of Travis County that the said $400.00 was not property or effects of the Bankers Life & Accident Association, nor of the fact that said sum had been collected by him as secretary of the association as a trust fund for the benefit of plaintiff Walker and was Walker's property, nor did he advise the receiver or the District Court of Travis County that he was under an injunction restraining the association and himself from disposing of said $400.00. The court further found that relator made no objection to or protest against turning over said fund to the receiver, but on the contrary found that relator turned such money over to the receiver in connection with some agreement of compromise growing out of the attempt to avoid the process of the District Court of Travis County.

The trial court concluded its findings with the following statement:

"I find that the said Westbrook, as the secretary of said association and in charge of its affairs, was and is guilty of inexcusable negligence and wilful disobedience of this court's injunction as aforesaid and of this court's judgment directing the payment of said fund of $400.00 into the registry of this court; and that no sufficient reason or excuse has been shown for such disobedience and contumacious conduct on his part in respect thereto; and that the said Westbrook could have complied with said injunction and have kept said money

intact to await the further order of this court; and that he could have complied with this court's later judgment herein, and can now do so."

It is of course settled that this court upon application for habeas corpus is authorized to act only when it is shown that the orders of the court, including the order of commitment, are absolutely void, regardless of how erroneous the same may be. Ex Parte Testard, 102 Texas, 287, 115 S. W., 1155; Lytle v. Galveston, H. & S. A. Ry. Co., 41 Texas Civ. App., 112, 90 S. W., 316; Ex Parte Tinsley, 37 Texas Crim. Rep., 517, 40 S. W., 306; Tinsley v. Anderson, 171 U. S., 101, 43 L. Ed., 91, 18 Sup. Ct., 805. It is obvious here that the court had jurisdiction of the parties and of the subject matter, and neither the writ of injunction, the judgment of October 18, 1932, nor the final judgment of commitment was void. We have set forth the essential facts fully enough to show that it is probable that the action of the County Court was in every respect fully justified. There is certainly nothing to show that the findings of the court above set out are not supported by the evidence. Although relator's attorney promised at the time of oral argument to furnish the court with a brief, he has not done so and aside from his unsupported application the court has had neither statement, argument nor authorities to show the invalidity of the trial court's orders.

Relator is therefore remanded to the custody of the sheriff of Hamilton County to await further orders of the County Court of that county.

Opinion adopted by Supreme Court July 17, 1935.