# Richmond

### Virginia Electric and Power Company v. William W. Bowers, Administrator of Benjamin F. Goodson, Deceased.

April 26, 1943.

Record No. 2659.

Present, Campbell, C. J., and Holt, Hudgins, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*E. Randolph Williams* and *T. Justin Moore*, for the plaintiff in error.

*Thos. A. Williams* and *L. C. O'Connor*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Benjamin F. Goodson filed suit in the court below against Virginia Electric and Power Company and Francis X. Thompson, jointly, to recover damages for personal injuries sustained when a street car on which he was a passenger, and which was being operated by the Virginia Electric and Power Company, collided with an automobile driven by Thompson. Goodson alleged that the collision was proximately due to the negligence of both the operator of the street car and the driver of the automobile. By appropriate pleadings both defendants denied liability.

When the case came on for trial before a jury the parties offered evidence which tended to sustain their respective contentions. During the taking of the testimony on behalf of the Virginia Electric and Power Company, it developed that O. A. Whitlow, the operator of the street car, had given his employer a written statement or report as to the circumstances of the collision, and counsel for the plaintiff called upon Whitlow to produce it. The statement turned out to be in the possession of the Virginia Electric and Power Company's trial counsel, Archibald G. Robertson, who declined to produce it.

Robertson was then called as a witness on behalf of the plaintiff, and while he admitted that the desired statement was in his possession, he again declined to produce it, contending that it was not admissible in evidence. The court, however, overruled this contention and ordered that the statement be produced. Robertson refused to obey this command, stating that he did so "with the greatest deference and greatest respect" because he considered that his duty to his client compelled him to take that course. Thereupon the court ruled that Robertson was guilty of contempt and imposed a fine upon him.

Moreover, due to Robertson's disobedience of its order, the court struck out the Virginia Electric and Power Company's plea of not guilty and ordered that the case proceed, so far as that defendant was concerned, "as on a writ of

inquiry to assess the damages" against it. After the evidence had been completed the court instructed the jury that for reasons appearing proper to it, "all pleas and other defenses offered by the Virginia Electric and Power Company have been stricken out"; that all evidence submitted by it had been stricken from the jury's consideration; that in this situation the liability of the Virginia Electric and Power Company was "taken as admitted"; and that their only duty with respect to that defendant was to assess the amount of damages which the plaintiff had suffered as a result of the collision. To these rulings and to this instruction the Virginia Electric and Power Company objected and excepted.

In view of the court's rulings and instruction a verdict and judgment in favor of the plaintiff* against the Virginia Electric and Power Company necessarily followed. This judgment is before us for review. While there were a verdict and judgment in favor of the defendant, Thompson, they are not here questioned.

The Virginia Electric and Power Company makes these two main contentions:

(1) Its counsel, Mr. Robertson, was not guilty of contempt for failing to obey the court's ruling or command to produce the motorman's written statement.

(2) Even if its counsel, under the circumstances related, was guilty of contempt, it (the Virginia Electric & Power Company) should not have been penalized for his refusal to obey the court's command to produce the document.

In the companion case of *Robertson* v. *Commonwealth*, this day decided (*ante*, p. 520), we have affirmed the judgment of contempt, which, of course, disposes of the first contention of the plaintiff in error here. Therefore, the present opinion deals only with its second contention.

---

*After the verdict, and pending a motion for a new trial, Goodson, the plaintiff, died, and William W. Bowers, his administrator, was substituted as plaintiff.

In a written memorandum filed as a part of the record, the court took the position that it was authorized to strike the plea and defenses of the Virginia Electric and Power Company under the provisions of Code, section 6213, which reads as follows:

"*If a party refuse to testify when required, suit dismissed, or plea, etc., struck out.*—If any party, required by another to testify on his behalf, refuse to testify, it shall be lawful for the court, officer, or person before whom the proceeding is pending, to dismiss the action, suit, or other proceeding of the party so refusing, as to the whole or any part thereof, or to strike out and disregard the plea, answer, or other defense of such party, or any part thereof, as justice may require."

While this statute has its useful purposes it is in derogation of the common law, and, therefore, must be strictly construed. It authorizes the imposition of a penalty for the refusal of "any party" to testify. Here it is manifest that "a party" means a litigant and not a mere witness. This is emphasized by the provision authorizing the court to dismiss the suit "of the party so refusing," or to strike out the plea, answer, or other defense "of such party". In *Bova* v. *Roanoke Oil Co.*, 180 Va. 332, 344, 23 S. E. (2d) 347, 353, we held that the similar penalty prescribed by Code, section 6237, for the failure of "a party" to produce documentary evidence, pursuant to a subpoena served on him, applies to the default or delinquency of the litigant himself and not that of some other witness called or summoned on his behalf.

Here the Virginia Electric and Power Company did not refuse to testify or to produce the desired document. While it is a corporation and can act only through its officers and agents, there is no evidence that Robertson was one of its officers, or that he was its agent, other than its attorney who was engaged in the defense of this suit. There is no evidence that he was directed or authorized by the company to disobey the court's rulings or orders.

■ ■ True, an attorney is the agent of his client, and has authority to take all lawful steps for the protection of his client's interest, but his authority is not unlimited. Certainly, he has no implied authority to bind his client by committing a *quasi* criminal act, such as contempt, in the presence of the court.

Moreover, the order of contempt recites that Robertson was fined "while a witness on the stand" and as "an attorney duly qualified and licensed to practice in this court and as such an officer of this court", not as counsel for, or as an officer of, or as in any way related to, the defendant. Indeed, when the incident which precipitated the contempt order occurred he was testifying not for his client but for the plaintiff by whom he had been called.

The lower court also took the view that the act of Robertson, in disobeying its lawful command, was ratified by the Virginia Electric and Power Company, saying in its written opinion: "Vaughan, the representative of the company, its vice-principal, the *dominus litis*, sat by, failing to get the paper himself or requiring Mr. Robertson to produce it. As the *alter ego* of the litigant, and as *dominus litis*, he had control over Mr. Robertson in this respect. By his non-action, he ratified the attorney's action."

■ While Vaughan was present in the courtroom during the trial, there is no evidence that he was the "vice-principal" or an officer of the company, or that he had any control over counsel, or that he could have compelled the latter to obey the court's order. The only evidence as to Vaughan's connection with the company is his statement that he was employed "as adjuster and investigator" in the claim department.

In Bouvier's Law Dictionary, 14th Ed., Vol. I, p. 501, *dominus litis* is defined as "The master of a suit. The client, as distinguished from an attorney." Surely, a claim adjuster and investigator, who is present in court during the trial of a case arising out of an accident which he has investigated for his employer, does not meet this definition.

We are of opinion that the lower court erred in penalizing the Virginia Electric and Power Company, in the manner indicated, for the disobedient act of its counsel. Therefore, the judgment is reversed and the case is remanded for a new trial.

*Reversed and remanded.*