FRANCES DREW, Plaintiff, *v.* FREDERIC DREW, Defendant.

Supreme Court, Special Term, Queens County, June 29, 1949.

*Walter Higgins* for plaintiff.

*Alfange & Friedman* for defendant.

DALY, J. In an action for a separation, and to set aside a certain agreement dated October 9, 1946, and the modification thereof, dated March 6, 1947, the defendant husband moves for an order for the issuance of "letters rogatory" pursuant to the provisions of section 309 of the Civil Practice Act.

It is stated in his behalf that since the commencement of this action, he obtained a divorce against the plaintiff, in the State of Nevada, and that he has established a residence and a new business in the State of Texas; that since he is not available within this jurisdiction to testify at the trial, it is necessary that letters rogatory be issued to permit him to adduce testimony "since he has sole knowledge of all the papers, facts and other particulars necessary to the defense of this action".

It is apparent that the defendant misconceives the purpose of letters rogatory. In the first place, such procedure is ordinarily available only with respect to the taking of testimony of witnesses in a foreign country and compelling them to produce letters, books, papers and other documents that may be required (*Decauville Automobile Co.* v. *Metropolitan Bank,* 124 App. Div. 478, 485; *Bowen* v. *Havana Elec. Ry. Co.,* 146 App. Div. 672; McCullen, Examinations Before Trial, p. 700 *et seq.*).

Secondly, section 309 of the Civil Practice Act provides in part that letters rogatory should be issued "if there is good reason to believe that the ends of justice will be better promoted by the issuance  *  *  *  then by the granting of an order  *  *  *." No such demonstration has been made here. Moreover, this is not an action where a witness outside the State will, in all probability, refuse to testify. The defendant himself desires his testimony to be taken. Under such circumstances, he should move under section 288 of the Civil Practice Act for relief, as

said section expressly provides in part that " Any party to an action * * * may cause to be taken by deposition, before trial, his own testimony " (*Beder* v. *Beder,* 260 App. Div. 1026).

Counsel's attention is drawn to the comment by Justice McCULLEN, at page 702 of his work: " Our courts do not look with favor upon granting letters rogatory. There is perhaps no definite judicial expression to that effect, but they prefer issuing commissions for the reason that then, as we have seen, our laws apply and not those of the foreign country. Generally speaking, therefore, it is only where it appears that under the laws of the foreign country there is no way to compel the witnesses to testify under a commission that letters rogatory will be issued. *Decauville Automobile Co.* v. *Metropolitan Bank,* 124 App. Div. 478, 108 Supp. 1027. It seems wise in every case, for this reason, to set forth in the affidavit facts showing that a proper examination cannot be had pursuant to commission."

The motion is, accordingly, denied.