**Helen Bays HARRELL, Relator,**

v.

**The Honorable John L. FASHING, Judge of the County Court at Law No. Two, El Paso County, Texas, Respondent.**

**No. 6737.**

Court of Civil Appeals of Texas, El Paso.

Feb. 15, 1978.

Rehearing Denied March 15, 1978.

Glen H. Shelton, Jr., El Paso, for relator.

John L. Fashing, County Judge, El Paso, for respondent.

## OPINION

PER CURIAM.

Relator seeks a mandamus under Tex. Rev.Civ.Stat.Ann. art. 1824, to compel the Honorable John L. Fashing, Judge of the County Court at Law No. Two, to proceed to trial in Cause No. 25795.

On April 15, 1977, Relator's daughter filed a petition for temporary guardianship, seeking appointment as guardian of the person and estate of Relator on the grounds that Relator was mentally incompetent to take care of her person or property. The temporary guardianship was granted and became permanent on June 15, 1977. On June 29, 1977, Relator filed a contest to the appointment of the guardianship, and on July 11, 1977, filed a motion for new trial on the basis that the evidence of Relator's mental incompetence as presented was insufficient to authorize the appointment of a permanent guardian. Judge Fashing granted Relator's motion for new trial and scheduled trial for September 12, 1977.

On August 24, 1977, a hearing was scheduled on the guardian's request for a physical and mental examination of the Relator. At that time, Judge Fashing ordered Relator to submit to an examination by Dr. Reuben M. Allen, a psychiatrist, and the examination was scheduled for September 7, 1977. At all times, Relator has objected to the examination on the contention that evidence of her medical condition is immaterial to the issue of mental incompetence. Relator has refused to submit to the examination.

On September 12, 1977, the County Court at Law, Judge Fashing Presiding, heard evidence on the guardian's motion for continuance. The guardian requested the continuance because of Relator's failure to submit to the examination by Dr. Allen. At the conclusion of the hearing, the guardian's motion for continuance was granted and trial has been delayed until Relator submits to examination as ordered.

In her petition for writ of mandamus, Relator contends that a continuance is not a proper sanction for failure to submit to examinations under Tex.R.Civ.P. 167a, and that Judge Fashing should be compelled to proceed to trial of the cause.

■ Tex.R.Civ.P. 170 and 215a provide sanctions for a party's refusal to obey a Court order for specified discovery production. Under these rules, staying a proceeding until the order is obeyed is a permissible sanction. However, no sanctions are specifically provided in the aforementioned rules for a party's refusal to submit to a physical and mental examination. Therefore, Relator contends that Judge Fashing does not have the power to stay the proceedings and is limited to a contempt proceeding to force Relator's compliance.

**546**

We disagree with Relator's contention, and we rely on the reasoning of *Saenz v. Sanders*, 241 S.W.2d 316 (Tex.Civ.App.—San Antonio 1951, no writ), in support of our position. In *Saenz*, the Relator had refused to answer deposition questions in a lawsuit which he instituted. Justice Pope, writing for the majority, held that one who seeks aid of the Court must submit himself to all legitimate orders and processes of that Court, and that such Court is not limited in enforcement of its orders to contempt proceedings only, but in appropriate instances may conditionally stay proceedings. In the case at bar, Relator has refused to obey a valid Court order. No valid excuse has been given for this non-compliance. Judge Fashing has not exceeded his authority in so controlling the orderly process of this case.

The mandamus is refused.