## Ex Parte Herman Kruegel.

### No. 3142.   Decided February 22, 1905.

**1.—Contempt of Court—Habeas Corpus—Orders of Court.**

Where one wilfully violates the orders of a court of competent jurisdiction, he can be imprisoned until he makes such apology and reparation as lies within his power; and until this is done, he can not complain of any inaccuracies in the judgment if there be such.

**2.—Same—Defying Orders of Court—Judgment—Custody.**

Where the judgment recites that the relator wilfully with firearms defied the execution of the orders of the court on a judgment previously entered, he will upon habeas corpus proceedings before the Court of Criminal Appeals be remanded to the custody of the officer under such judgment.

From Dallas County.

Original application for habeas corpus for release from commitment for contempt for disobeying the orders of the District Court.

The opinion states the case.

*Herman Kruegel* in propria persona.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Relator was committed to jail by Hon. T. F. Nash, judge of the 14th judicial district court, for contempt, after proper citation was served upon him.   He sued out a writ of habeas corpus before this court, which was granted and made returnable at Dallas.   The only question involved is the sufficiency of the judgment rendered upon the contempt which is as follows:

"Reinhardt Nitschman
No. 17430       v.                               —November 17, 1904.
        Herman Kruegel.

This motion coming on to be heard, and both parties having announced ready for trial, and the court having heard the testimony of the plaintiff and his witnesses, and also the testimony of the defendant, Herman Kruegel, and his argument on the law and the facts involved, and being fully satisfied that said Herman Kruegel has disobeyed and violated the injunction of this court of date June 12, 1899, directly and defiantly by placing obstructions upon the easement mentioned in the complaint herein and by interfering with and preventing complainant, Reinhardt Nitschman, from having ingress to and egress from his

premises over said easement by threats, with use and display of firearms, and being satisfied that said respondent has defiantly and completely deprived the complainant of the use of his right of ingress to and egress from his premises described in his complaint in utter disregard and violation of the injunction heretofore herein mentioned, it is the opinion of the court that said Herman Kruegel is guilty of contempt of this court by his disobedience of said writ of injunction; and it is therefore hereby ordered, adjudged and decreed by the court that respondent, Herman Kruegel is in contempt of this court, in that he has obstructed complainant's easement to and from his premises, and has interfered with and prevented complainant from using said easement by threats of violence to his person, and using and displaying deadly weapons for that purpose, and also by interfering with and preventing complainant's tenants and contemplated tenants from using said easement.

It is therefore further ordered, adjudged and decreed by the court that said Herman Kruegel be committed to the jail of Dallas County, Texas, without bail, and that he be there confined until he purges himself of such contempt by removing or causing to be removed all obstacles from complainant's private easement described, and until he is willing to apologize to this court for his said disobedience of its injunction, and to promise and agree that he will not again obstruct said easement in any manner, and that he will not again make any threats against complainant or tenant or person desiring to become a tenant of complainant of said premises, and that he will desist from using or displaying or intending to use or display any firearms or other dangerous weapon or instrument for the purpose of intimidating, interfering with or preventing the plaintiff or any tenant or contemplated tenant of plaintiff from having ingress to and egress from his said premises over said easement. When said Herman Kruegel is willing to make said apology and promises—he·may be brought into open court, and when he shall have done so in open court to the satisfaction of the court, he will then be discharged from custody."

Relator makes various complaints in reference to said judgment, insisting it is unreasonable, because appellant cannot comply with the terms thereof. It will be ample time for relator to make this insistence after he has complied with the portion of the judgment that lies within his power. Where one wilfully violates the order of a court of competent jurisdiction, he can be imprisoned until he makes such apology and reparation as lies within his power; and until this is done, he can not complain of any inaccuracies in the judgment, if there be such in this instance. According to the recitations of the judgment here under consideration, relator wilfully with firearms defied the execution of the orders of the court on a judgment previously entered. For this he has been incarcerated in jail. Many phases of the questions here presented were considered by us in Ex parte Tinsley, 37 Texas Crim. Rep., 517, and we will not again rehearse them. The relator is accordingly

remanded to the custody of the officer, under the judgment of the court above copied; with the costs taxed against him.

*Relator remanded to custody.*

[Motion for rehearing overruled without written opinion.—Reporter.]