### ROBERT GOODFELLOW v. THE STATE.

No. 3700.   Decided May 13, 1908.

**1.—Scire Facias—Contempt—Failure to Execute Process.**

Where upon trial of a scire facias to make final a judgment of contempt against the sheriff for failure to return process, the writ of scire facias and the judgment nisi did not show or allege that it was within the power of defendant to execute said process, an exception on this ground should have been sustained. Following Ex parte Robertson, 27 Texas Crim. App. 628.

**2.—Same—Jurisdiction—Subject Matter—Authority.**

In proceedings imposing punishment for constructive contempt, the jurisdiction of the court must not only be of the person and subject matter but must authorize the court to render judgment, and that the same is warranted by law. Following Ex parte Degener, 30 Texas Crim. App. 566.

Appeal from the District Court of Coleman. Tried below before the Hon. Jno. W. Goodwin.

Appeal from a judgment final assessing a fine of $50 for contempt for failing to serve process of the court.

The opinion states the case.

*Snodgrass & Dibrell* and *Woodward & Baker,* for appellant.—On question of insufficiency of judgment nisi and writ of scire facias: Ex parte Robertson v. State, 27 Texas Crim. App., 628.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was sheriff of Coleman County, and as such received a writ to summon special venire-men in a murder case, which writ called for service upon sixty named venire-men. The return upon the writ shows that some of the venire-men were not summoned. For failure to summon these the district judge entered an order fining appellant $50 for contempt of court.

It is unnecessary, as we view the case, to state the reason why these jurors were not summoned. This judgment was entered at the September term, 1906, and scire facias issued to appellant requiring him to

appear at the succeeding term of the District Court of Coleman County to show cause why the judgment for contempt should not be made final. At the succeeding or February term, 1907, this scire facias was quashed; another was issued on the 17th of July, 1907, and served on the following day. The judgement is in the following language: "It appearing to the court that on the 6th day of September, A. D., 1906, pursuant to an order of court made in case, the State of Texas v. Will Murray, a writ of special venire was issued and placed in the hands of Robert Good-fellow of Coleman County, Texas, commanding him to serve the sixty men therein named to be and appear before the District Court of Coleman County, Texas, at 1:30 p. m., September 17, '06, to serve as special jury in said case, and it further appearing that said writ was made returnable at 1:30 p. m., September 13, 1906, and it further appearing that the said sheriff failed as shown by the return upon said writ to serve the following seventeen persons (then follows a list of the jurymen who were not served); and it appearing to the court that in failing to serve said jurymen, said sheriff has acted in contempt of the process of this court, is in contempt of court: It is therefore ordered, adjudged and decreed by the court that by reason of the premises and by reason of not serving said jurors as directed by said court, said Robert Goodfellow, sheriff of Coleman County, Texas, is in contempt of this court, and is fined the sum of fifty dollars for said contempt, which fine will be made final unless good cause be shown at the next term of this court why it should not be made, and the clerk of this court will issue the said sheriff proper process, to notify him of this judgment nisi." The writ of scire facias, appearing in the transcript as served on appellant the eighteenth of July, follows the recitals of the judgment. Appellant appeared and filed a general demurrer, special exceptions and answered to the merits   Among other exceptions urged is that the writ of scire facias and the judgment nisi are void because they do not show or allege that it was within the power of appellant to execute the process which he is charged with failing to execute, and for which the contempt proceeding was instituted and prosecuted. We are of the opinion this exception is well taken. This identical question came before this court in the case of Ex parte Robertson, 27 Texas Crim. App., 628. In rather an exhaustive opinion reviewing many of the authorities and the questions involved with considerable research, Judge White delivering the opinion of the court said, in substance, that in cases of constructive contempt, as the one in hand, where the judgment and writ of commitment are wanting in the essentially requisite allegation that it was in the power of the party sought to be placed in contempt to perform the acts required of him by the process issued to him, would render such judgment and commitment void. Among other things, this language was used: "Unless this matter sufficiently appears, it is beyond the jurisdiction of the court to render a judgment for such contempt; and, it being essential to the validity of the judgment, the judgment itself should recite the facts. Failing to recite this essential fact, the judgment is void." It

was further stated: "As to the order or writ of commitment, it is open to the further objection that upon its face it shows the imposition of a fine as for a criminal contempt which, ostensibly, the court had no authority to inflict, and fails to recite all the facts necessary to confer jurisdiction upon the court to inflict punishment for a constructive contempt in the failure and refusal of the officer to obey the commands of the court." Robertson in the cited case was discharged upon the very ground here urged by appellant. It has become the settled law in Texas that in order to impose a punishment or fine for constructive contempt, that the court must first have jurisdiction to hear and determine the particular matter, and, second, it must have power to render the particular judgment which was rendered. If either element is lacking, the judgment will be fatally defective. Ex parte Degener, 30 Texas Crim. App., 566. The same doctrine was laid down in Ex parte Kearby 35 Texas Crim. Rep., 531, and re-affirmed in Ex parte Kearby, same volume, 634. Ex parte Duncan, 42 Texas Crim. Rep., 661, follows the doctrine laid down in the cases already cited, and emphasizes the proposition that the jurisdiction of the court must not only be of the person and subject-matter, but it must go further, and the authority must be such as to authorize the court rendering the judgment, to render it in the matter which is the subject of inquiry, and if upon a review of the whole record it should appear that the judgment is unwarranted by law, the party upon whom the contempt punishment is sought to be inflicted will be discharged. Such was not always the law under the decisions, but such is the more humane rule, and one that has become settled in this State.

Under the authorities cited we are of opinion that the judgment entered is defective and void, therefore, the judgment is reversed and the cause is dismissed.

*Reversed and dismissed.*