## EX PARTE C. D. MABRY.

No. 6162. Decided July 6, 1932.
(52 S. W., 2d Series, 73.)

*D. E. O'Fiel* and *W. R. Blain,* of Beaumont, for relator.

*Morris & Bennett* and *M. S. Duffie,* of Beaumont, for respondent.

MR. JUDGE LEDDY of the Commission of Appeals delivered the opinion for the court.

On the 19th day of September, 1931, in the case of Mabry Foundry & Machine Company et al. v. C. D. Mabry, pending in the District Court of Jefferson County, Texas, an injunction was issued restraining the defendant, the relator in this case,

from interfering in any way with the management of the affairs of said corporation.

On the 23rd day of October, 1931, on motion of F. L. Pivito, the duly appointed, qualified and acting receiver of said company, relator, after due service of citation, was on a hearing adjudged in contempt of said court because of a willful violation of the terms of said injunction. The specific violation found by the court in his order adjudging relator in contempt, was his action, after the service of the injunction aforesaid, in collecting certain accounts due by various parties to said corporation and appropriating the proceeds thereof to his own use.

The court in its order adjudging relator in contempt recited the specific acts done and performed by him in violation of said injunction. The order also contained this provision:

"It is therefore hereby ordered, adjudged and decreed by the court that the said C. D. Mabry be and he is hereby adjudged in contempt of this court and is hereby fined as for contempt the sum of $100.00 and is hereby ordered committed to the custody of the Sheriff of this county to be confined in the county jail of this county for which let commitment issue, which commitment shall be accompanied with a certified copy of this judgment to be delivered to said C. D. Mabry, and there he, the said C. D. Mabry to be kept until he shall purge himself of said contempt of this court by delivering over to the receiver, F. L. Pivito, the sum of $410.69 and by the payment to the Clerk of this court of said fine of $100.00 for the benefit of the State of Texas, and it is further ordered that said C. D. Mabry pay all costs of this proceeding, for all of which costs let execution issue."

No commitment was issued on this order until the first day of April, 1932. Under the commitment then issued the Sheriff of Jefferson County was commanded "to take the body of said C. D. Mabry and safely keep in custody in the county jail of Jefferson County until he shall purge himself of contempt of said court by payment to the Clerk of this Court said fine of $100.00 and until he shall deliver over to the Receiver, F. L. Pivito, the sum of $410.69."

The record discloses that on the 23rd day of January, 1932, the court in said cause entered an order accepting the resignation of said Pivito as receiver and discharged him from any further duties or responsibility in connection with said cause. In said order the receiver was directed to deliver to the Sheriff of Jefferson County all of the property and assets in his hands belonging to the Mabry Foundry & Machine Company, the same

to be held by the Sheriff until the further orders of the court.

That portion of the order committing relator to jail until he shall pay the amount specified in said order to F. L. Pivito, receiver, is void as such requirement is impossible of performance. Allen v. Woodward, 111 Texas, 457, 239 S. W., 632; Ex parte Garza, 50 Texas Crim. Rep., 106, 95 S. W., 1059; Goodfellow v. State, 53 Texas Crim. Rep., 471, 110 S. W., 755. At the time relator was committed to jail the resignation of Pivito had been accepted, and he had been fully discharged from further acting as receiver by order of the court duly entered of record. It was therefore impossible for relator to pay the amount specified in the order to Pivito as receiver.

The fact, however, that a portion of the order is void because impossible of performance, does not operate to release relator from compliance with the valid portion of the order committing him to jail until the fine assessed against him for contempt for violation of said injunction is discharged. Ex parte Young & Levine, 103 Texas, 470; Ex parte Kottwitz, 117 Texas, 583, 8 S. W. (2d) 508; Ex parte Kruegel, 47 Texas Crim. Rep., 607, 86 S. W., 1020; Ex parte Tinsley, 37 Texas Crim. Rep., 517, 40 S. W., 306.

The conclusion follows that relator must be remanded to the custody of the sheriff of Jefferson County until he has paid to the Clerk of the district court the fine of $100.00 assessed against him, and it is so ordered.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.