Valentine John **TROUTENKO**, Appellant,

v.

Aida Awad **TROUTENKO**, Appellee.

No. 16219.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 6, 1973.

Rehearing Denied Jan. 10, 1974.

Schlanger, Cook, Cohn & Mills, Joel W. Cook, Lincoln H. Lynch, Houston, for appellant.

George L. Lewis, Charles M. Burdeaux, Houston, for appellee.

EVANS, Justice.

Appellant's sole point of error is that the trial court's divorce decree lacks requisite certainty insofar as it awards an interest in appellant's retirement plan.

The decree awarded appellee an interest in appellant's retirement plan with Anderson Clayton & Company, to be determined as follows:

"Said interest shall be computed by determining the period of time Respondent, Valentine John Troutenko, has been employed by Anderson Clayton & Co. and the period of time Petitioner and Respondent have been legally married, the latter period having been established as 321 months. The said Petitioner, Aida Awad Troutenko, shall be entitled to a portion of the monthly retirement benefit to which Respondent, Valentine John Troutenko, shall be entitled at the date of his earliest retirement, namely a monthly annuity of $188.38. The portion of $188.38 payable to Petitioner is computed by dividing the number 321 by the number of months of employment of Respondent at this time, namely 403 months or 321 over 403 equals that portion of the annuity to be paid to Petitioner which the Court finds to be 75%. The sum payable as thus computed amounts to $141.28 per month. Petitioner will reimburse Respondent annually for any income taxes Respondent may have to pay by virtue of his having to report

said $141.28 on his income tax return. This annuity is payable only for and during the life of Respondent and further will terminate immediately upon the death of Petitioner."

The decree then awarded to appellant the "equity" in the plan which "at any time" might be payable to appellant "subject to the charge" which was awarded to the appellee by the foregoing provision of the decree.

The decree concluded with an order that the parties execute all instruments necessary to comply with the decree.

Appellant complains that the decree is so indefinite and uncertain in this respect that the rights of the parties cannot be determined without resort to additional facts. Appellant's primary argument is that the designation of appellee's entitlement to payments at the time of appellant's "earliest possible retirement" is not sufficiently specific as to time and that the provision entitling appellant to reimbursement for income tax liability resulting from the award to appellee does not sufficiently define the time or method for computing and effecting such reimbursement.

The very nature of a retirement plan creates considerable difficulty for the trial court in making a fair and reasonable valuation and award. See Hughes, Community Property Aspects of Property Sharing and Pension Plans in Texas, 44 Tex.Law Review, p. 60 (1966). The trial court acted within its discretion in making appellee's entitlement conditional upon benefits payable at some time in the future and in computing the amount of appellee's entitlement as set forth in its decree. Mora v. Mora, 429 S.W.2d 660 (Tex.Civ.App.—San Antonio 1968, writ dism'd); Webster v. Webster, 442 S.W.2d 786 (Tex.Civ.App.—San Antonio 1969, no writ hist.).

In Mora it was said that "The trial court may conclude that considerations of fairness to both parties compel the entry of a decree that the husband pay the wife her portion of the retirement benefits, if, as, and when he receives them . . . ."

In Webster the appellee was awarded an interest in the appellant's retirement plan "if, as, when and during the time" appellant received retirement payments, and citing Mora, the court held appellee owned vested property rights even though the benefits were not payable at the time of the divorce.

In the case at bar, as in Mora and Webster, the appellee was awarded vested property rights in the appellant's retirement plan but the right of enjoyment was merely postponed to a future occasion.

We are of the opinion that the judgment is sufficiently definite and certain in its adjudication of the rights of the parties in the retirement plan as to be valid and enforceable. As stated in Patrick v. Gibbs, 17 Tex. 275, 279 (Tex.Sup.1856) :

"The validity and conclusive effect of a judgment does not depend on the particular phraseology in which it is expressed. Technical formality and legal precision, it has been said, need not be preserved if the judgment is expressed in language which is significant in common understanding and parlance."

We are further of the opinion that any uncertainty in the decree with respect to appellant's right of reimbursement pertains only to the enforcement of the right awarded and does not affect the process of adjudication. As we interpret the court's decree, appellant will be entitled to annual reimbursement for the difference, if any, between the amount his income tax would have been had he not reported the retirement plan payments to appellee as income in his tax return, and the amount of his actual income tax as determined on the basis of reporting such payments in his tax return. The time and method of determining appellant's right of reimbursement must necessarily be dependent upon appel-

lant's taxable status from year to year. These are matters peculiarly within the control of appellant and it would be difficult if not impossible for the trial court to specify with fairness to both parties, a time certain or specific method for effecting such determination each year. This uncertainty, however, does not in our opinion invalidate the decree. The rights of the parties having been adjudicated, the method of enforcement of such rights follows as a matter of law. Darlington v. Addison, 12 S.W.2d 839 (Tex.Civ.App.—

Amarillo 1928, writ dism'd); Jaresh v. Jaresh, 179 S.W.2d 533 (Tex.Civ.App.—Galveston 1944, n. w. h.). The decree specifically provides that the parties shall execute such instruments as necessary to effectuate its purposes and the court itself, upon motion or otherwise, has the power to see that its decrees are carried out. Rule 308, Texas Rules of Civil Procedure; McDonald, Texas Civil Practice, 1971, rev., Vol. 4, Sec. 17.09.4, pp. 72–73.

We affirm the judgment of the trial court.