Arthur MARSHALL, Appellant,

v.

Maxine MARSHALL, Appellee.

No. 16332.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 23, 1974.

Rehearing Denied June 20, 1974.

Joe J. Newman, Houston, for appellant.

Joe L. Price, Trinity, for appellee.

EVANS, Justice.

Appellant, Arthur Marshall, complains of the trial court's divorce decree insofar as it divided United States Air Force retirement pay benefits. The trial court, in a non-jury trial, awarded 47½ percent of such benefits to appellee, Maxine Marshall, and 52½ percent of such benefits to appellant.

Appellant and appellee were married in 1949. Appellant had served approximately 16 months in the United States Army prior to his marriage to appellee. In 1951 appellant joined the United States Air Force and remained there until June, 1971.

Approximately 10 years prior to his separation from military service appellant developed a circulatory disease and his separation papers indicate that 30% of his retirement benefits were categorized as disability payments. The court made a division of the pension benefits based upon the proportionate time the parties were married while the benefits were accruing.

The trial court filed findings of fact: it found that appellant was awarded a pension equal to 55% of his base pay at his retired rank, computed by multiplying 2½ percent of his base salary by the number of years he had served; that at the time of his retirement he was awarded 30% disability but that such disability "added nothing more" to the pension he would have gotten had he not been disabled, except that such pension was nontaxable to the extent of such disability.

In his first two points of error appellant charges the trial court erred in finding that the disability "added nothing more" to the pension, asserting there is no evidence to support such finding and that it is contrary to the great weight and preponderance of the evidence.

Although appellant testified that his discharge was due to physical disability, his testimony shows he had earned retirement benefits prior to disability retirement. Appellant testified:

"Q. All right. You became entitled to the retirement at what point in your service career?

"A. After I had reached a cumulative total of 20 years service, including my prior service.

"Q. And, you served well over that, did you not?

"A. Yes, sir.

"Q. So, you actually had earned the right to retire at any time prior to this disability retirement, had you not?

"A. Yes, sir, I had earned the right, but I had the disability which I would have applied for.

"Q. But, you did not apply for it before the end of the nearly 22 years of service, did you?

"A. No, sir, they wanted to force me into retirement, because I was unfit for world-wide duty."

Appellant further testified that his normal accumulated time produced a greater income than his disability payments would have and as a result he had been awarded an amount based upon his accumulated time with the amount credited to disability being awarded tax-free.

"The pension would have been the same under a voluntary retirement as it was when they forced me out. They computed it on my years of service. The only difference being if it happened to be a voluntary one with no disability, it would not have had any tax-free money."

We overrule appellant's first two points of error.

In his fourth and ninth points of error, appellant asserts the trial court erred in determining appellee's percentage of the retirement pay benefits, charging that the trial court erroneously found that the 30% disability was community property. Appellant argues that under Section 5.01 of the Family Code, V.T.C.A., any recovery for personal injury sustained by a spouse is the separate property of that spouse and that the percentage of retirement pay benefits attributable to appellant's disability constituted his separate property.

■ In Busby v. Busby, 457 S.W.2d 551 (Tex.Sup.1970), in a factually similar situation, disability retirement benefits were held to be community property. Appellant argues that the holding in Busby is inapplicable here because the Busby suit was not an action for divorce, but a suit for partition following a divorce. We do not believe the holding in Busby may be distinguished on this ground.

Appellant further argues that Article 5.-01 of the Family Code, effective January 1, 1970, compels a determination that the disability retirement benefits are appellant's separate property. Article 5.01 provides:

"(a) A spouse's separate property consists of:

(1) the property owned or claimed by the spouse before marriage;

(2) the property acquired by the spouse during marriage by gift, devise, or descent; and

(3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage.

"(b) Community property consists of the property, other than separate property, acquired by either spouse during marriage."

There is no essential difference in Section (a)(3) of this article and the language contained in its predecessor, Article 4615, Vernon's Ann.C.S. See Schwing v. Bluebonnet Express, Inc., 489 S.W.2d 279, 281 (Tex.Sup.1973); and Graham v. Franco, 488 S.W.2d 390, 396 (Tex.Sup.1972).

In Dominey v. Dominey, 481 S.W.2d 473 (Tex.Civ.App.—El Paso 1972, n. w. h.), the court, distinguishing Ramsey v. Ramsey, 474 S.W.2d 939 (Tex.Civ.App.—Eastland 1971, n. w. h.), said at p. 475:

"The payments though labeled 'disability,' still fit into the mould of an earned property right. They did not come to him as payment for damages suffered by an injury, but were a part of the bundle of benefits—pay, quarters, travel allowances, etc.—earned by service. As such, they flowed into the community."

We overrule appellant's fourth and ninth points of error.

The trial court further found that the United States Air Force would not pay over the pension payments in equal shares to the wife and to the husband but instead, would make the entire amount of the payments to the husband. The trial court concluded that appellant should be deemed a constructive trustee of the wife's 47½ percent share of the retirement benefits and receive same for her benefit; in its decree, it ordered appellant to pay over and deliver to appellee within seven days after receipt, appellee's stated share of the retirement pay benefits.

Appellant contends that there is no evidence to support the trial court's finding;

that the judgment does not terminate the marital relationship between the parties as contemplated by the Family Code and in effect constitutes a mandatory injunction for the collection of money and that such an order constitutes an invalid and unconstitutional method of debt collection.

We deem it unnecessary to determine whether the trial court's finding is supported by the evidence and the related question of whether the trial court may take judicial notice of the policies of the United States Air Force with respect to the payment of retirement benefits. We hold that the trial court entered a proper judgment in the case, even absent such a finding.

■ Community property need not be reduced to immediate possession before a divorce court may take jurisdiction to determine its division. Herring v. Blakeley, 385 S.W.2d 843 (Tex.Sup.1965). A decree may require one spouse to make payments to the other after the divorce if the payments are referrable to property which either spouse may have owned or claimed, including retirement pay benefits. Marks v. Marks, 470 S.W.2d 83 (Tex.Civ.App.— Tyler 1971, writ ref., n. r. e.); McBean v. McBean, 371 S.W.2d 930 (Tex.Civ.App.— Waco 1963, n. w. h.). Thus, there may be a continuing obligation upon one party to the divorce action to perform some action in the future to implement the property division. As to property interests, such as retirement benefits, owned by the parties in undivided interests and which have not been reduced to possession at the time of the divorce, the trial court may properly decree the spouse to whom the benefits will be paid a constructive trustee for the benefit of the other spouse's share in such benefits, "as, and when received." Ex Parte Preston, 162 Tex. 379, 347 S.W.2d 938 (1961); Troutenko v. Troutenko, 503 S.W.2d 686 (Tex.Civ.App.—Houston 1973, n. w. h.). Appellant's remaining points of error are overruled.

The judgment of the trial court is affirmed.