Ex parte Vernon Douglas SUTHERLAND.

No. 8252.

Court of Civil Appeals of Texas, Texarkana.

July 17, 1974.

Rehearing Denied Oct. 29, 1974.

138

Leighton Cornett, Cornett, Echols & Biard, Paris, for appellant.

Jack G. Kennedy, Kennedy & Minshew, Sherman, for appellee.

CORNELIUS, Justice.

Relator Vernon Douglas Sutherland has applied for a Writ of Habeas Corpus for release from an order of confinement for contempt issued against him by the judge of the Sixth Judicial District Court of Fannin County, Texas. The judgment of contempt resulted from relator's refusal to comply with a previous order of the court entered in the divorce action between relator and his former wife. That order required the relator to pay into the registry of the court for delivery to the former wife, ½ of all payments to be received by relator after the divorce as "retainer pay" by virtue of relator's status as a member of The United States Naval Fleet Reserve.

In the divorce decree the court ordered a division of the community property of relator and his wife, and recited that relator's entitlement to the "retainer pay" was an "earned property right owned by the parties" and was community property, ½ of which should be awarded to Mrs. Sutherland. The decree then adjudged that:

". . . the court *awards* to Hazel Joyce Sutherland *a ½ interest in said property* and payments, and she is to *receive* the same as follows: She is awarded ½ of all such Fleet Reserve payments received by Vernon Douglas Sutherland since June 29, 1971, . . . and she is awarded ½ of all such future Fleet Reserve payments as received by Vernon Douglas Sutherland . . . and in this connection, the court hereby orders and directs Vernon Douglas Sutherland to pay into the registry of this court with interest ½ of all such sums received by him since June 29, 1971 and hereby orders and directs him to pay into the registry of this court ½ of all sums received by him after the entry of this decree; . . . and it is futher ordered that the clerk of this court, upon receipt of said sums, shall pay the same over to Hazel Joyce Sutherland when received by him." (Emphasis supplied)

The decree further ordered that if relator failed to pay any such payment into court within fifteen days of his receipt of same he would be required to pay interest thereon at 6% per annum.

Although notice of appeal was given, relator did not perfect an appeal from the divorce judgment and it became final. Relator subsequently refused to deliver ½ of the retainer payments he received, and because of such refusal he was adjudged guilty of contempt.

Relator contends here that the order in the divorce decree commanding him to pay the retainer payments is not enforceable by contempt proceedings because (1) the payments are not community property but are relator's earnings and therefore his separate property; (2) the order is, in effect, one for alimony which is void because beyond the power of the court and against the public policy of this state; and (3) the order is merely a judgment for debt which cannot be enforced by contempt.

Concerning the nature of these payments as community or separate property, the relator urges that retainer pay, unlike retirement benefits, is pay for relator's "stand-by" availability which is in the nature of services relator is now rendering, and therefore constitutes wages. Mrs. Sutherland contends that relator's entitlement to such retainer pay was earned by reason of his service in the active reserve during their marriage, and that it is therefore an earned and vested community property asset even though it is to be received in future payments. Irrespective of the relative merits of these propositions, relator's contention is not a proper subject of consideration in this proceeding. To secure release from the contempt commitment, it must be shown that the order which relator violated, or the order of commitment itself, was void.* Ex parte

---

* Release will also be ordered when a review of the entire record reveals that relator was denied due process, but such is not shown here.

See Ex parte Morris, 147 Tex. 140, 215 S.W. 2d 598 and Ex parte Cardwell, Tex., 416 S.W. 2d 382.

Kimberlin, 126 Tex. 60, 86 S.W.2d 717 (1935); Ex parte Westbrook, 126 Tex. 1, 84 S.W.2d 700 (Tex.Com.App.1935); Ex parte Lee, 127 Tex. 256, 93 S.W.2d 720 (1936). As to the order which was violated, it must have been void for lack of jurisdiction or because it was beyond the power of the court. Ex parte Duncan, 127 Tex. 507, 95 S.W.2d 675 (1936); Goodfellow v. State, 53 Tex.Cr.R. 471, 110 S.W. 755 (1908); Ex parte Castro, 115 Tex. 77, 273 S.W. 795 (1925). It is not sufficient to show that the order was erroneous. Ex parte LaRocca, 154 Tex. 618, 282 S.W. 2d 700 (1955); Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833 (1953). The divorce decree adjudged that relator's right to the retainer pay was an earned or vested property right which was a present community asset of relator and his wife. In asserting that the retainer pay was not a vested community asset but was payment to be earned in the future as separate property, relator is simply claiming that the judgment was erroneous. But, as no appeal was taken from that adjudication it has become final, and even if erroneous, it cannot be collaterally attacked in this proceeding. Ex parte Kimberlin, supra; Ex parte Westbrook, supra; Lytle v. Galveston, H. & S. A. Ry. Co., 41 Tex.Civ.App. 112, 90 S.W. 316 (1905, no writ). If relator desired to question the correctness of that judgment his remedy was by appeal, and not by Habeas Corpus after being adjudged guilty of contempt for refusing to obey the decree. Ex parte Kimberlin, supra; Ex parte Testard, 101 Tex. 250, 106 S.W. 319 (1908); Annotation, 12 A.L.R.2d 1107.

 In divorce actions the district court has the power, and indeed the duty to determine the spouses' community property in existence at that time, and to decree a fair and equitable division of such property between the spouses. 20 T.J.2d Div.Sec. 206; Vernon's Anno.Tex.Statute, Family Code, Sec. 3.63, V.T.C.A. As the court clearly had jurisdiction to determine whether rela-

tor's entitlement to the retainer pay was a vested community asset, its adjudication of that issue was not void.

Relator would still be entitled to relief, however, if the court's order to deliver one-half of the payments constituted either an order to pay alimony, which would be beyond the power of the court [1]; or merely a judgment for debt, which cannot be enforced by imprisonment.[2]

 Community property need not be reduced to immediate possession before a divorce court may take jurisdiction to divide it. Herring v. Blakeley, 385 S.W.2d 843 (Tex.1965); Marshall v. Marshall, 511 S.W.2d 72 (Tex.Civ.App., Houston 1st 1973, no writ). If a right to future benefits 660 (Tex.Civ.App., San Antonio 1968, writ dism'd); Troutenko v. Troutenko, 503 S. W.2d 686 (Tex.Civ.App., Houston 1st 1973), no writ). If a right to future benefits or payments has been earned during the marriage and has vested in the spouses as community property at the time of the divorce, the court may divide such community asset in the divorce decree even though the payments will not be received until after the divorce. Troutenko v. Troutenko, supra; Webster v. Webster, 442 S.W.2d 786 (Tex.Civ.App., San Antonio 1969, no writ); Mora v. Mora, supra. The court may also impose upon one of the spouses the continuing obligation to perform some action in the future in order to *implement* the division so effected, such as the delivery into court of the other spouse's share of such payments or benefits as and when received. Marshall v. Marshall, supra; Mora v. Mora, supra. In doing so the court, in effect, makes the receiving spouse "constructively a trustee" as to the share belonging to the other spouse. See Ex parte Preston, 162 Tex. 379, 347 S.W.2d 938 (1961); Marshall v. Marshall, supra.

 As the vested nature of relator's retainer pay as a community asset is not

1. Francis v. Francis, Tex., 412 S.W.2d 29.

2. Ex parte Yates, Tex., 387 S.W.2d 377.

open to question and the court awarded ½ of that vested property to Mrs. Sutherland, it follows that the order for him to deliver Mrs. Sutherland's share of such payments into court is neither an order to pay alimony nor a judgment for debt.

■ Alimony is payment imposed by a court decree upon the husband as a *personal obligation* for the support and maintenance of the wife after a final decree of divorce. Francis v. Francis, supra. Clearly an order for the husband to deliver *the wife's property* into court as it comes into his hands in the future as constructive trustee, is not a personal obligation on the husband to support the wife.

■ The order to deliver such payments is not a judgment for debt, because relator is not commanded to pay the wife any sum *from his income or property* or as a *personal obligation.* See Restatement of the Law 2d Trusts, Sec. 12; 57 T.J.2d p. 381. He is rather ordered to deliver into court what *already belongs to the wife.* This distinction was recognized in Ex parte Preston, supra, where our Supreme Court said:

"Preston is not a debtor of his wife but rather he is *constructively* a trustee in holding the community assets and particularly in so far as the share is concerned that has been awarded to her . . .

. . . . . .

"In our case the order is directed to Preston that he pay over money in his possession that rightfully *belongs not to him but to his wife.* The judgment of divorce does not purport to decree that Preston is indebted to his wife. It makes the division of the property and directs him to pay over to the Clerk that portion that the court awards to her." (Emphasis supplied)

In *Preston* and in Ex parte Latham, 47 Tex.Cr.R. 208, 82 S.W. 1046 (1904), our Supreme Court and Court of Criminal Appeals upheld the enforcement of such orders by contempt proceedings, the opinion in *Preston* noting that the court has the undoubted power to punish a trustee for refusing to deliver property pursuant to an order of the court. Concededly, in both Ex parte Preston and Ex parte Latham the assets were in the physical possession or control of the relator at the time of the divorce decree, but in view of the rules expressed in Marshall v. Marshall, supra; Mora v. Mora, supra; Troutenko v. Troutenko, supra; and Herring v. Blakeley, supra, to the effect that rights of this nature may be vested property although they will not be paid or received until after the divorce, we can perceive no reason why a different rule should apply here.

■ It follows that, insofar as it ordered relator to deliver or pay Mrs. Sutherland's ½ of the retainer payments into court for her benefit, the divorce decree was properly subject to enforcement by the contempt power of the court. This is not true, however, as to a portion of the decree. As previously noted, the decree provided that if relator delayed more than fifteen days in delivering the payments into the registry of the court, he would be required to pay interest on such payments at the rate of 6% per annum. The order of commitment provides that relator shall be confined in custody for thirty days and thereafter until he purges himself of contempt by paying into court ½ of the retainer pay received by him subsequent to the divorce, *plus interest to the date of hearing.* Although the trial court was justified in providing for interest in case undue delay was experienced in delivering the property into the registry of the court, the order for relator to pay interest (unlike the wife's share of the payments) is a personal obligation imposed upon the relator to be made from his own income or property, and is simply a debt. As such it cannot be enforced by contempt proceedings. Art. 1, Sec. 8, Vernon's Ann.St.Texas Constitution; Ex parte Yates, supra; Ex parte Duncan, 462 S.W.2d 336 (Tex. Civ.App., Houston 1st 1970, no writ). Nevertheless, the invalidity of that portion

of the commitment does not excuse relator from obeying the valid portion thereof. Ex parte Mabry, 122 Tex. 54, 52 S.W.2d 73 (1932); Ex parte Tinsley, 37 Tex.Cr.R. 517, 40 S.W. 306 (1897); Ex parte Kruegel, 47 Tex.Cr.R. 607, 86 S.W. 1020 (1905).

Accordingly, the application for Writ of Habeas Corpus is denied, and relator is remanded to the custody of the Sheriff of Fannin County, Texas, for confinement under the order of commitment for the time specified therein and until he purges himself of contempt by paying into the registry of the court ½ of the retainer payments received since October 4, 1971, *exclusive of interest*.