**Ex parte Stephen W. McCRARY, Relator.**

**No. 16743.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 13, 1976.

Fred Reynolds, Houston, for appellant.

Joe Mills, Houston, for appellee.

PEDEN, Justice.

In this original *habeas corpus* proceeding the relator, Stephen W. McCrary, seeks his discharge from custody to which he was committed after being found in contempt of court for failure and refusal to make child support payments in the amount of $7,000. He was ordered held in custody until payment of all arrearage and costs of court plus an attorney's fee of $150.

Evidence of the relator's ability to pay the arrearage was offered at the hearing on the motion for contempt filed by the relator's former wife. The relator contends that the order of commitment is void and that he is entitled to be discharged because the evidence offered at the hearing establishes that he is unable to pay the arrearage.

It is well settled that where it is not within the power of the person to perform the act which alone will purge him of contempt and he had not voluntarily brought the disability to perform on himself, the court is without power to imprison him for an indefinite term as punishment for an offense already committed. *Ex parte De Wees,* 146 Tex. 564, 210 S.W.2d

145 (1948). A proceeding in this court is a collateral attack upon the order of contempt and the court treats the order as void if the evidence offered at the hearing conclusively establishes that at the time of the contempt hearing the relator did not have, and had no source from which he might reasonably expect to obtain, the amount in arrears plus any costs and attorney's fee adjudged against him. *Ex parte Rohleder, Jr.,* 424 S.W.2d 891 (Tex.1967); *Ex parte Howe,* 457 S.W.2d 642 (Tex.Civ.App.1970, no writ).

The relator testified at the contempt hearing that he works on a commission basis and that his take-home pay averages $210 to $215 per week. He stated that he has five children born of his present marriage and is sending his former wife all the money he can without completely depriving his other five children of support.

Mrs. Molly Ann McCrary, the relator's present wife, testified that their total monthly bills amount to $650. She borrowed money to pay the relator's $750 child support debt in December and they haven't been able to repay that.

His previous employer testified that the relator was a good worker when he was there; the work was available, but he seldom worked a 40-hour week.

This evidence falls short of the relator's burden of establishing as a matter of law that he is unable to comply with the trial court's order; he did not show that he had no source from which he might reasonably be expected to obtain the arrearage.

The relator is remanded to the custody of the Sheriff of Harris County, Texas.