June MARIN, Plaintiff-Appellant,

v.

William Rubben HATFIELD,
Defendant-Appellee,

United States of America,
Garnishee-Appellee.

No. 76–3290
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 11, 1977.

Donald J. Walheim, San Antonio, Tex., for plaintiff-appellant.

Allan F. Cazier, John E. Clark, U.S. Atty., Archie Carl Pierce, Asst. U.S. Atty., San Antonio, Tex., for defendant-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Appellant June Marin was divorced from William Rubben Hatfield in 1971 by decree of a Texas court on February 5, 1971. The judgment of divorce awarded appellant, in addition to other property, a one-half interest in "certain United States Army retirement benefits" payable by reason of Hatfield's Army service. Congress thereafter enacted 42 U.S.C. § 659 which became effective on January 1, 1975, by which the United States waived immunity to garnishment and similar proceedings for enforce-

---

* Rule 18, 5 Cir.;  see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

ment of child support and alimony obligations.[1]

In 1976 appellant filed the instant complaint under the new statute naming as defendant her former husband and, as garnishee, the United States Army Finance and Accounting Center. She alleged in the complaint that defendant had failed and refused to pay any of the military benefits granted in the divorce decree and contended that such payments should be garnisheed. On motions of defendant and the United States, the district court dismissed the suit for lack of federal jurisdiction. We affirm.

Neither the statutes nor public policy of Texas sanctions "alimony for the wife after a judgment of divorce has been entered." *Francis v. Francis,* Texas, 1967, 412 S.W.2d 29. *See also McElreath v. McElreath,* 1961, 162 Tex. 190, 345 S.W.2d 722, 747; *Cunningham v. Cunningham,* 1931, 120 Tex. 491, 40 S.W.2d 46; Vernon's Ann. Texas Civil Statutes, Art. 2328b–1, Sec. 2(6), Art. 2328b–3, Sec. 7. Appellant contends, however, that the military benefits in question should be treated as alimony payments. This contention was rejected in *Ex Parte Sutherland,* Tex.Civ.App., 515 S.W.2d 137 (1974), in which the court considered a question relating to a Texas divorce decree awarding the wife a one-half interest in retainer pay received by the husband as a member of the U.S. Naval Fleet Reserve. The court held that the retainer pay was a vested community property right to future benefits earned during the marriage. It rejected the contention that the decree constituted an order to pay alimony, noting that that "would be beyond the power of the court," 515 S.W.2d at 140. *See also Busby v. Busby,* Texas, 1970, 457 S.W.2d 551, in which the Texas Supreme

Court held that under Texas law military retirement benefits are vested community property rights subject to division by the divorce court.

 The mere fact that the United States by statute has waived immunity for enforcement of alimony obligations does not confer a right to alimony on a party precluded by state law from receiving it.

Appellant's right, if any, to enforce the provisions of the Texas divorce decree is a state right. The district court properly dismissed for lack of jurisdiction.

AFFIRMED.

---

1. 42 U.S.C. § 659 reads as follows:

"Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments."

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.