HOLMES, Judge.
This is an appeal from the Circuit Court of Mobile County’s action refusing to dismiss a writ of garnishment. We reverse.
The pertinent facts reveal the following: The parties were divorced in 1974. The decree of divorce provided as follows:
“1. That the Defendant shall convey to the Plaintiff all of his right, title and interest in and to the jointly owned homeplace, located at 3878 Shelley Drive, Mobile, Alabama, and the Defendant shall pay the house notes on said property as alimony in gross, .
[[Image here]]
“4. That the Plaintiff waives her right to claim any further alimony for herself and she shall pay her own attorney’s fee and the court costs incurred in this proceeding.”
The husband is a retired railroad employee and receives a retirement disability annuity. This annuity is paid by the Railroad Retirement Board, an agency of the United States Government. The husband did not make the required “house notes” as mandated by the divorce decree. The wife garnished the annuity payment. The husband moved to dismiss the garnishment, etc. The trial court denied the motion to dismiss. Hence, this appeal.
The husband in brief contends that the federal government is immune from garnishment. He further contends that 42 U.S.C.A. § 659 which waives the immunity of the United States from suit or legal process to enforce a legal obligation to provide child support or make alimony payments is inapplicable in this instance.
42 U.S.C.A. § 659 provides as follows:
“Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.”
The husband specifically argues that the award in this instance is an award of alimony in gross (property division, etc.) and therefore not within the contemplation of 42 U.S.C.A. § 659.
At the outset, this court must first determine if the award, as shown above, is in fact alimony in gross as defined by the appellate courts of Alabama. We would note at this juncture that no testimony was presented to the trial court. The determination of whether the award is alimony in gross must be made from the decree itself.
It is clear that the trial court in the original decree of divorce called the award “alimony in gross.” It is also clear that the award fits the definition of alimony in gross as defined by the Supreme Court of Alabama in Hager v. Hager, 293 Ala. 47, 299 So.2d 743, on remand 53 Ala.App. 740, 299 So.2d 751 (1974). There, the supreme court defined an award of alimony in gross as being an award to the wife as compensation for the wife’s inchoate marital rights, and/or a division of the fruits of the marriage. We would further note that the requirements for the award to be one of alimony in gross have been met, to wit, the amount and time of payment are certain and the rights to it are vested and not subject to modification. See Williams v. Williams, 261 Ala. 328, 74 So.2d 582 (1954); Epps v. Epps, 218 Ala. 667, 120 So. 150 (1929). Conversely, the award does not fit the definition of periodic or permanent alimony. See Thompson v. Thompson, 282 Ala. 248, 210 So.2d 808 (1968).
In view of the above, we conclude that the award to the wife is in fact an award of alimony in gross as defined by the Supreme Court of Alabama in Hager, su *458 pra. Having so determined, we must now address ourselves to the inquiry of whether or not 42 U.S.C.A. § 659 waives the immunity from garnishment of the husband’s annuity. Put another way, is the award of alimony in gross, as defined above, the alimony provided for by 42 U.S.C.A. § 659. We find it is not.
In 42 U.S.C.A. § 662, we find the following definition:
“For purposes of section 659 of this title—
[[Image here]]
“(c) The term ‘alimony’, when used in reference to the legal obligations of an individual to provide the same, means periodic payments of funds for the support and maintenance of the spouse (or former spouse) of such individual, and (subject to and in accordance with State law) includes but is not limited to, separate maintenance, alimony pendente lite, maintenance, and spousal support; such term also includes attorney’s fees, interest, and court costs when and to the extent that the same are expressly made recoverable as such pursuant to a decree, order, or judgment issued in accordance with applicable State law by a court of competent jurisdiction. Such term does not include any payment or transfer of property or its value by an individual to his spouse or former spouse in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses.” [Emphasis supplied.]
The last sentence of § 662, to this court, clearly reveals that alimony in gross, as defined by our courts, was not intended to be the type of alimony as provided for in § 659. Put another way, the intent of § 659 is to assist in the collection of periodic alimony as defined by the appellate courts of Alabama. It is not a vehicle to be used in the enforcement of alimony in gross, as defined above. Of like import, see Kelley v. Kelley, 425 F.Supp. 181 (W.D.La.1977); Marin v. Hatfield, 546 F.2d 1230 (5th Cir.1977).
In view of the above, the judgment of the trial court is reversed and the case remanded for entry of a judgment not inconsistent with this opinion.
Able counsel for the appellee has requested a fee for representing the wife on this appeal. It is not the general policy of this court to award a fee to the nonprevail-ing party. However, in view of the well written briefs, the novel question presented to this court, and the background of the case, as indicated above, we chose in this instance to exercise our discretion and award the attorney for the wife a $350 attorney fee.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P. J., and BRADLEY, J., concur.