**Ex parte Eugene Robert MASON.**

**No. 20094.**

Court of Civil Appeals of Texas, Dallas.

July 18, 1979.

Louis Davis, Jr., Dallas, for appellant.

Richard Johnson, Koons, Smith & Johnson, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

GUITTARD, Chief Justice.

This writ of habeas corpus has been granted on the ground that relator's commitment for violation of a child-support order was void because the order finding him in contempt and ordering his confinement was conditioned on his failure to comply by a certain future time, and no further hearing was held before commitment to determine lack of compliance.

The only contempt hearing shown by the record was held September 13, 1978. No order was signed by the judge, however, until March 8, 1979. This order recites a finding that relator had failed to make child-support payments as previously ordered by the court in the amount of $1,000, that a reasonable attorney's fee to be assessed against him was $500, and that he should also pay court costs in the amount of $90. The order adjudges relator in contempt, fixes his punishment at confinement in jail for seventy-two hours, and orders that he be further confined until he has purged such contempt by certain acts, which are defined in the order as follows:

1. Pay child support arrearage in the amount of $1,000.00 to CARON JO MASON through the Dallas County Child Support office *by June 1, 1979, and report back on June 4, 1979, at 8:30 a. m. and show compliance.*

2. Pay the costs of this proceeding, to-wit: $90.00 to be paid to the District Clerk of Dallas County, and $500.00 to be paid to RICHARD JOHNSON, attorney for Movant *by June 1, 1979, and report back on June 4, 1979, 8:30 a. m., to show compliance.*

The words emphasized above were apparently added in the judge's own handwriting to the typewritten order presented by counsel.

No commitment, however, was issued on this order until June 12, 1979, when, without further hearing, relator was arrested and confined. On relator's application for writ of habeas corpus, we granted bail and set a hearing.

█ The order of March 8 does not, by its express terms, provide that the sentence of contempt is suspended on condition of the contemner's compliance, as did the orders in *Ex parte Sauser*, 554 S.W.2d 239 (Tex.Civ.App.—Dallas 1977, no writ), and *Ex parte Hart*, 520 S.W.2d 952 (Tex.Civ. App.—Dallas 1975, no writ). Nevertheless, the implication of the order was that it was conditional, since it gave relator until June 4, 1979, to show compliance. Before that date any commitment would not have been authorized. This construction of the order is confirmed by the fact that no commitment was issued until June 12. Consequently, we hold, in accordance with *Sauser* and *Hart*, that due process required a further hearing to determine lack of compliance, and that in the absence of such a hearing the commitment is void.

█ The only alternative to construing this order as conditional is to hold it void for impossibility of compliance. When relator was arrested on June 12, he could not possibly purge the contempt by showing compliance on June 4, as the order required him to do. An order impossible of performance is void. *Ex parte Mabry*, 122 Tex. 54, 52 S.W.2d 73, 74 (1932). Consequently, it is clear to us that the order was intended to be conditional.

██ Respondent has called our attention to an order signed nunc pro tunc, dated July 11, 1979, on respondent's motion, changing the date of hearing as recited in the original order from February 6, 1979, to September 13, 1978. The corrected order also eliminates the language of the original order which the judge added in his own handwriting. The motion on which the corrected order is based, however, does not

state that this language was added by a clerical mistake, and counsel for respondent does not suggest that it was. Consequently, we do not regard the order of July 11 as effectively eliminating these handwritten provisions from the order signed on March 8. Even if the correction were proper in this respect, as well as with respect to the date, relator was confined under the terms of the order as it stood on March 8. Consequently, such confinement was improper for the reasons already stated.

Writ granted and relator discharged from custody.