**Ex parte Joe Frank SANDERS, Relator.**

**No. A2516.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 12, 1980.

Michael A. Culling, Deer Park, for relator.

Gwendolyn F. Guinn, Harris County Child Support Div., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

Relator seeks discharge from custody to which he was committed after being found in contempt of court for failure to pay $6,000.00 child support. Confinement was ordered for ten days and until payment of $2,000.00 of the arrearage, court costs, and attorney's fees of $200.00. Relator was further ordered to pay the balance of the arrearage through additional monthly payments of $100.00 until the total arrearage is paid. Relator claims that he is being held illegally because he is financially unable to comply with the court's order.

█ If an offender cannot perform the act which alone will purge him of contempt and has not voluntarily brought the disability upon himself, the court is without power to imprison him for an indefinite period as punishment for an offense already committed. *Ex parte De Wees*, 146 Tex. 564, 210 S.W.2d 145, 147 (1948); *Ex parte McCrary*, 538 S.W.2d 2 (Tex.Civ.App.–Houston [1st Dist.] 1976, no writ). A writ of habeas corpus is a collateral attack upon a contempt order. The order is void if the evidence offered at the contempt hearing conclusively establishes that at the time Relator had no source from which he might reasonably expect to pay the amount adjudged against him. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967).

Relator testified at the hearing that he had only twenty–six or twenty–seven dollars in the bank and that he had tried unsuccessfully to borrow the amount of the arrearage from a bank, his parents and a fellow employee. While it is not clear from the record whether Relator is renting or buying a house, he did testify that he was living in an apartment which would suggest that he is indeed renting. Relator also testified that he has not been employed steadily since the divorce and that only in the two months prior to the hearing had he earned a net of some $300.00 per week. The testimony of Relator was uncontradicted.

█ Relator conclusively established his inability to pay the amount of arrearage ordered by the trial court. Denial of relief would result in his continuing imprisonment without the ability to perform the one act which would gain his release. The contempt order of the trial court is therefore set aside, and Relator ordered discharged.

Although Relator has made no effort to make child support payments since release from his initial imprisonment, this continued disobedience of the child support order is not presently before this court. This proceeding does not preclude another motion charging Relator with contempt of court for his current failure to pay child support.

Relator is ordered discharged.