Ex parte Michael Roy
CARLILE, Relator.

No. B14-89-1004-CV. .

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 21, 1989.

Robert A. Kouts, Houston, for relator.

Thomas B. Foster, Jr., Thomas A. Adams, III, Houston, John W. Mara, Katy, Dick DeGuerin, Houston, for respondent.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

ROBERTSON, Justice.

Relator, Michael Roy Carlile, filed a petition for writ of habeas corpus seeking to have his confinement order declared void because 1) the orders which the court found him in contempt of are ambiguous; 2) relator did not receive full and unambiguous notice of the accusations of contempt; 3) the trial court's failure to allow relator an evidentiary hearing deprived him of due process of law; and 4) the relator was jailed for unspecified acts with regard to unspecified provisions of unspecified orders. Finding merit in relator's argument concerning an evidentiary hearing, we grant the writ of habeas corpus.

This writ of habeas corpus arises from an underlying divorce action between relator and Linda Davis Carlile. Also involved in the action below are intervenors J. Lamar Thomas and Carolyn Thomas. Because the subject matter of the underlying litigation is both cumbersome and lengthy, we will relate only those facts pertinent to our decision.

On October 25, 1989, Honorable Allen J. Daggett of the 310th Judicial District Court signed an order compelling relator to pay $40,478.10 into the court registry by 5:00 p.m. on October 31, 1989. This amount represented the profit from the sale of a working interest in an oil and gas exploration company jointly owned by rela-

tor, Linda Davis Carlile, J. Lamar Thomas and Carolyn Thomas. The court's order further compelled relator to appear on November 1, 1989, at 9:00 a.m., subject to attachment, to determine compliance with the order.

At the hearing on November 1, the court determined relator had not complied with the order of October 25, 1989. Relator did deposit a check into the registry of the court on October 31. The check, however, was in the amount of $24,281.58 and included instructions that the instrument not be negotiated because the account it was written on was frozen.

At the compliance hearing, the court denied relator's request for an evidentiary hearing saying it had already heard all the evidence at the original contempt hearing, held on October 23, 1989, which was the basis for the order signed October 25, 1989. The district court judge documented this denial of an evidentiary hearing by filing special findings of fact.

Because of the ruling by Judge Daggett denying an evidentiary hearing, relator contends he was unable to present any evidence concerning the impossibility of compliance, efforts to comply, or evidence in mitigation of sentencing. Despite Judge Daggett's statement that he had already heard all the evidence, the record shows that relator never offered any evidence pertaining to these matters at any prior hearing. On November 1, Judge Daggett ordered relator confined for three days in the Harris County jail, and thereafter from day to day until he paid the sum of $40,478.10 into the registry of the court. We subsequently granted relator's motion for leave to file a petition for writ of habeas corpus to examine the proceedings in the court below.

■ Initially, we note that this is a case of constructive contempt because the contemptuous conduct, failure to pay the money into the court registry, occurred outside· the presence of the court. *Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979). In such a case, the court may not summarily find a party in contempt and thereby confine them. *Ex parte Hardin,* 161 Tex. 567, 344 S.W.2d 152, 153 (1961). Rather, the contemnor must be given full and complete notification and a reasonable opportunity to meet the charges *by way of defense or explanation. Gordon,* 584 S.W.2d at 688 (emphasis added); *Ex parte White,* 149 Tex. 155, 229 S.W.2d 1002, 1004 (1950).

■ One well recognized defense to a finding of constructive contempt is the impossibility of conformance with the court order. *Ex parte Gonzales,* 414 S.W.2d 656, 657 (Tex.1967); *Ex parte Sanders,* 608 S.W.2d 343, 344 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Ex parte Mason,* 584 S.W.2d 936, 937 (Tex.Civ.App.—Dallas 1979, no writ). If relator had established his involuntary inability to perform conclusively at the November 1 contempt hearing, his confinement would have been void. *Ex parte Kollenborn,* 154 Tex. 223, 276 S.W.2d 251, 253–54 (1955).

While there is a dispute whether relator properly requested a hearing on his inability to comply with the court order, we believe the finding of fact that relator requested an evidentiary hearing before confinement is sufficient to support his present contention that the evidence he wished to offer related directly to impossibility of compliance, efforts to comply, and evidence in mitigation of sentencing. Although we are unable to find a case which expressly so holds, it seems only logical that the denial of an evidentiary hearing to determine the possibility of compliance with the court's order, upon the relator's timely request for such hearing, is violative of relator's rights under due process of law.

■ Respondent alleges that all procedural requirements were met because the court held a compliance hearing on November 1, 1989. This was the first and only hearing following the court's order that relator pay a specified sum into the registry of the court. In this situation, we do not believe that a simple compliance hearing adequately protected the relator's rights.

Accordingly, we grant the petition for a writ of habeas corpus and order the relator released from confinement.