NUMBER 13-00-588-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


IN RE: ANN RUTH HOSEY
, Relator,

___________________________________________________________________


On Petition for Writ of Habeas Corpus.


___________________________________________________________________


O R D E R



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Order by Chief Justice Seerden 



 This is an original habeas corpus proceeding brought by relator
Ann Ruth Hosey. The trial court held Hosey in contempt for failing to
remit proceeds from a certificate of deposit to her ex-husband as part
of a divorce settlement. The trial court thus ordered that Hosey be
assessed a fine of $500, and that Hosey "be confined in the county jail
of Aransas County, Texas, for a period of six (6) months and until
Respondent delivers the sum of $68,533.44 to Ernest Irving Hosey." 
Hosey contends that the order is void, that it was issued without due
process, and that it violated the principles of double jeopardy. We agree
with Hosey that the contempt order was issued without due process,
and thus grant habeas corpus relief. 

 In a case involving conduct outside the presence of the court, due
process requires that the alleged contemnor receive full and
unambiguous notification of the accusation of any contempt. This
notice should be by show cause order or equivalent legal process
personally served on the alleged contemnor, and it should state when,
how and by what means the defendant has been guilty of contempt. 
See Ex Parte Vetterick, 744 S.W.2d 598, 599 (Tex. 1988); Ex Parte
Gordon, 584 S.W.2d 686 (Tex. 1979); Ex Parte Edgerly, 441 S.W.2d
514, 516 (Tex. 1969). 

 Once a court determines that actions constitute constructive
contempt, there is no question concerning whether the supposed
contemnor must be provided with notice and a hearing; she must be
afforded both. See Ex Parte Knable, 818 S.W.2d 811, 812 (Tex. Crim.
App. 1991); Ex Parte Avila, 659 S.W.2d 443, 444 (Tex. Crim. App.
1988). Furthermore, in order to be given an effective hearing, the
accused must be given the opportunity to present evidence concerning
any defenses she may have or the accused must knowingly waive that
right. Ex Parte Woodyard, 952 S.W.2d 104, 107 (Tex.App.--San
Antonio 1997, orig. proceeding); Ex Parte Carlile, 783 S.W.2d 672, 673
(Tex.App.--Houston [14th Dist.] 1989, orig. proceeding). 

 Hosey was not given the requisite notice of the contempt charges
against her and was not afforded an opportunity to be heard regarding
these charges. Therefore, we conclude that Hosey was deprived of her
due process rights in the contempt proceeding and is entitled to habeas
relief. 

 Relator, Ann Ruth Hosey, is ordered discharged from custody.




 _______________________________

 ROBERT J. SEERDEN, Chief
Justice


Do not publish
.

Tex. R. App. P. 47.3.


Order delivered and filed this 

5th day of October, 2000.